1
2
3
4
5
6

Kelley M. Butcher (Bar No. F0335)
Imperial Pacific International (CNMI), LLC
Marina Heights Business Park, Suite 101, Puerto Rico
PMB 918 Box 10000
Saipan, MP 96950
Tel: 670-237-8402/8404
kbutcher@bestsunshinesaipan.com

*Attorney for Defendant Imperial Pacific International (CNMI), LLC*

7
8
9

**IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS**

10
11
12
13

TIANMING WANG, DONG HAN,
YONGJUN MENG, LIANGCAI SUN,
YOULI WANG, QUINGCHUN XU, and
XIYANG DU,

Plaintiffs,

14

v.

15
16
17

GOLD MANTIS CONSTRUCTION
DECORATION (CNMI), LLC, MCC
INTERNATIONAL SAIPAN LTD. CO., and
IMPERIAL PACIFIC INTERNATIONAL
(CNMI), LLC

18

Defendants.

CASE No. CV-18-0030

**MEMORANDUM OPPOSING
PLAINTIFFS' ATTORNEY FEES**

19
20
21
22
23
24
25

Plaintiffs have submitted a fee petition pursuant to FRCP Rue 37(a)(5)(A). Plaintiffs'

attorney fee submission should be denied for failure to demonstrate the reasonableness of their

hourly rates and the reasonableness of the time expended. IPI also contends attorney fees should

be denied as its discovery objections based on the motion to stay pursuant to 18 U.S.C. §1595

and motion for protective order based on the §1595 motion to stay[1], and objection based on

26
27
28

[1]These issues were specifically addressed at oral argument and IPI will not re-hash them in this memorandum given the

Court's ruling. They are raised and incorporated in this opposition to the amount of attorney fees to ensure they are preserved in

connection with the amount of fees awarded, if any.

1   improper service of the initial discovery requests were substantially justified.  Finally, the fees

2   should be denied for failure to comply with this Court's order and this Court's Local Rules.

3   Alternatively, the amount of fees sought are unreasonable and should be substantially reduced.

4

5                    **I.        Standard for Determining an Award of Attorneys' Fees**

6           FRCP Rule 37 governs the award of attorneys' fees arising out of certain discovery

7   motions. The overarching concern regarding the award of attorney fees is that any fees awarded

8   must be reasonable. *See Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir.

9   2008). In the Ninth Circuit, the lodestar formula is utilized to determine the reasonableness of the

10  requested attorney fees. Id. The "lodestar" formula entails multiplying the number of hours the

11  prevailing party reasonably expended on the matter at issue by a reasonable hourly rate. *Id*.  The

12  moving party bears the burden to producing evidence that the hourly rates and hours worked are

13  reasonable. *Sinohui v. CEC Entertainment, Inc.*, 2016 WL 3226006, at *1 (C.D. Cal. 2016) citing

14

15  *Intel Corporation v. Terabyte International*, 6 F.3d 614, 623 (9th Cir. 1983). In this case,

16  plaintiffs have failed to show the reasonableness of their hourly rates or the reasonableness of the

17  number of hours claimed to have been expended in connection with the discovery dispute.

18

19          **A.       Plaintiffs Have Not Met their Burden of Showing the Reasonableness of
                        Their Hourly Rates**

20          To assist the Court in calculating the lodestar, the fee applicant must submit "'satisfactory

21  evidence ... that the requested rates are in line with those prevailing in the community for similar

22  services by lawyers of reasonably comparable skill, experience, and reputation.'" *Sinohui*, 2016

23  WL 3226006, at *1–2 quoting *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). The relevant

24

25  community is that in which the district court sits. *Sinohui*, 2016 WL 3226006, at *1–2 citing

26  *Schwarz v. Secretary of Health and Human Services*, 73 F.3d 895, 906 (9th Cir. 1995); *Barjon v.

27  Dalton*, 132 F.3d 496, 500 (9th Cir.1997)[Generally, when determining a reasonable hourly rate,

28

1  the relevant community is the forum in which the district court sits]. The declarations of counsel

2  seeking the award of attorney fees are insufficient alone to establish the reasonable rate in the

3  forum community. *See Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987)  ["A

4  fee applicant bears the burden of producing satisfactory evidence, **in addition to the affidavits**

5  **of its counsel**, that the requested rates are consistent with those prevailing in the community for

6  similar services of lawyers of reasonably comparable skill and reputation.'"].  This necessitates

7  the submission of declaration or evidence from other attorneys in the Commonwealth attesting to

8  the reasonableness of the claimed hourly rates. *See United Steelworkers of Am. v. Phelps Dodge*

9  *Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)["Affidavits of the plaintiffs' attorney **and other**

10 **attorneys regarding prevailing fees in the community**, and rate determination in other cases,

11 particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the

12

13 prevailing market rate."]. *See Camacho*, 523 F.3d 980-981 (9th Cir. 2008).

14

15 Here, plaintiffs only submit the declaration of their counsel concerning the

16 reasonableness of their attorneys' hourly rate. That is simply insufficient evidence. Moreover,

17 the rates charged by Mr. Halegua are based on factors other than the rates in the Commonwealth.

18 This case does not present any unique considerations or skill which cannot be found in the

19 Commonwealth and therefore need specialized off-island counsel. Indeed, a Commonwealth

20 lawyer has previously handled a civil trafficking/force labor case against a casino in the

21 Commonwealth involving a person from China without assistance of off-island or mainland

22

23 counsel. *See Jiang Li Rong v. Hong Kong Entertainment (Overseas) Investments Ltd.*, CV 05-

24 0048, Order Granting Stay, 2008 WL 11343485, at *1 (D.N.M.I. 2008).[2] Plaintiffs do not argue

25 that the attorney handling the Jiang Li Rong case was not competent to handle their case or that

26

27

28

---

[2]At the hearing in this case the Court chastised both parties for not citing the *Jiang Li Rong* case.

-3.-

there were not any competent attorneys in the Commonwealth who could handle their case. Even

more important, plaintiffs do not present any declaration from any Commonwealth attorney

asserting no attorney in the Commonwealth is competent to handle this case.

Moreover, plaintiffs' hourly rate for their paralegal is based on New York rates and not

Commonwealth rates. They also have not submitted any declaration from their paralegal

establishing his qualifications and skill. There is also no explanation as to why a paralegal in the

Commonwealth was insufficient or lacked the competence to render paralegal services needed

for this case. Accordingly, it suffers from the same infirmity as the rates being claimed by Mr.

Halegua.

Plaintiffs have failed to show that their claimed rates are reasonable rates for the

Commonwealth. On this basis, the Court should deny the fee petition. *See Bird v. Wells Fargo*

*Bank*, 2017 WL 4123715, at *2 (E.D. Cal. 2017)[Moving party failed to satisfy burden of

showing reasonableness of hourly rate when the attorneys' declarations provide no support for

the prevailing market rate in the forum community].


**B.      Plaintiffs Have Not Met their Burden of Showing the Reasonableness of Their Time**

The Court's minute entry establishes that the Court awarded attorney fees only for

plaintiffs counter motion to compel. ECF Doc # 61. It did not award any fees in connection with

plaintiffs' opposing IPI's motion for a protective order or motion to stay pursuant to 18 U.S.C.

§1595. Yet, plaintiffs seek recovery of fees associated with their opposing and responding to

IPI's motion for a protective order. Those fees should be disallowed as they are beyond the scope

authorized by the Court. Moreover, to the extent, the fees sought to be recovered do not allocate

the time between responding to the motion for a protective order and the counter motion to

compel, such fees should be disallowed as plaintiffs failed to satisfy their burden that the fees are

-4.-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

solely related to their counter motion to compel. *See Bird*, 2017 WL 4123715, at *4. For

instance, the billing associated with preparing for oral argument on the "motions" fail to allocate

the time associated with IPI's protective order and plaintiffs counter motion to compel.

Moreover, Kelley M. Butcher's declaration and exhibits establishes that plaintiffs' initial

service of discovery was defective under FRCP Rule 5(d). IPI timely objected to the improper

service and plaintiffs acknowledged the improper service by properly serving its discovery on

October 24, 2019. Plaintiffs subsequently properly served their discovery which had a due date

of November 24, 2019. In response to that properly served discovery, defendant served its

objections to the discovery on November 25, 2019 since November 24, 2019 was a Sunday.

Thus, the basis for plaintiffs' motion to compel did not arise until November 25, 2019. This

means that all time plaintiffs seek recovery for prior to November 25, 2019 should be disallowed

as it did not relate to the properly served discovery.

Moreover, given that the reasonable rate for attorney fees are based on the

Commonwealth, the time spent researching national rates or the USAO Matrix are unreasonable

and should be disallowed. *See Bird*, 2017 WL 4123715, at *4.

Finally and most important, the moving party seeking attorney fees under Rule 37 must

submit contemporaneous time records to support an award.. *Kamps,* 274 F.R.D. at 120.

Contemporaneous, time records means hours were recorded "while the work is being done or,

more likely, immediately thereafter. Descriptions of work recollected in tranquility days or

weeks later will not do." *Jerolmon v. Astrue*, 2013 WL 210898, at *3 (D. Conn.  2013).  Here,

plaintiffs filing is defective as their counsel's declaration does not declare the time records

submitted in support of their motion were kept in the ordinary course of business, were recorded

on the day in which such time was expended or immediately thereafter or otherwise indicate how

his office tracks and maintains time records. *See Kottwitz v. Colvin*, 114 F. Supp. 3d 145, 150

(S.D.N.Y. 2015); *Stroud v. Commisioner of Social Security*, 2015 WL 2137697, at *1 (S.D.N.Y. 2015). Instead, plaintiffs makes a conclusory assertion that the records were "contemporaneous" and negates to provide any information regarding his office's procedure for tracking and maintaining time records. *See* Halegua Declaration ¶31. This suggests plaintiffs' time records were not contemporaneous. This justifies denying recovery of any attorney fees. *See Jerolmon*, 2013 WL 210898, at *3.

### C. Plaintiffs Have Not Met Their Burden if Showing the Reasonableness of Their Costs

Plaintiffs seek $156.25 for 652 copies. Plaintiffs' submission, however, fails to disclose what documents were copied or that the documents relate to plaintiffs motion to compel.

### II. Plaintiffs Failed to Comply With Curt Order and Local Rules

Local Rule ("LR") 1.3 provides that '[f]ailure of counsel or of a party to comply with any of these rules or with any order of the Court may be grounds for the Court to impose any and all sanctions authorized by statute or rule or within the inherent power of the Court." Additionally, LR 7.1(h) provides that "[t]he Court may not consider motions, oppositions to motions, or briefs or memoranda that do not comply with the requirements set forth in these Rules."

This Court ordered plaintiffs to file their fee motion on or before December 19, 2019. Plaintiffs failed to do so as certain portions of plaintiffs' motion were not filed until December 20, 2019. Plaintiffs did not seek an emergency or any other extension of time to file any additional documents for their fee petition prior to expiration of the due date. Even more so, plaintiffs did not and have not yet filed a motion explaining why the filings submitted on December 20, 2019 were untimely filed and requesting this Court to allow or otherwise accept

their late filing.

Similarly, LR 7.1(d) provides that "[b]riefs or memoranda exceeding ten (10) pages must have a table of contents and a table of authorities cited." Plaintiffs' memorandum, supporting their fee petition exceeds the ten (10) page limitation but it did not include the mandatory table of contents and table of authorities when filed. Even more so, plaintiffs have not subsequently submitted an errata filing correcting this non-compliance with this Court's rules or request the Court for permission to submit an errata filing correcting their non-compliance with this Court's local rules.

Plaintiffs' failure to comply with this Court's order and local rules or seek to correct their non-compliance suggests or implies they believe they are immune to ascertaining and complying with this Court's rules. Allowing this motion to proceed given plaintiffs' non-compliance and failure to explain or request an excuse for their non-compliance implies that the Local Rules are more guidelines or suggestions rather than enforceable rules. Plaintiffs' lack of diligence in complying with this Court's order and Local Rules in pursuing their fee petition warrants a denial of the petition. *See Elliot-Park v. Manglona*, 2007 WL 9684173, at *1 n.1 (D.N.M.I. 2007)[Court declining to consider motion which did not comply with its Local Rules]; *Armstrong v. Northern Mariana Islands*, 2007 WL 9728629, at *1 (D.N.M.I. 2007)[Court declining to consider an untimely filed memorandum];*Slotnick v. I.C.Q. Search and Recovery*, 2018 WL 6258888, at *2 (C.D. Cal. 2018)[Court declining to consider untimely opposition to fee petition]. *See also Universal Group Development, Inc. v. Yu*, 2016 WL 3950746, at *3 (D.N.M.I. 2016)[Court assessing sanctions for failure to comply with Local Rules]. It is also noted that a movant's failure to timely file all portions of a fee petition justifies denying the recovery of attorney fees. *See Kamps v. Fried, Frank, Harris, Shriver & Jacobson L.L.P.*, 274 F.R.D. 115, 120 (S.D.N.Y. 2011). This is particularly so since the petition does not concern or

1  address the merits of the case. Moreover, IPI is unaware of any substantial justification for

2  plaintiffs' non-compliance or lack of diligence to correct their non-compliance.

3              **III.    The Fees and Costs Are Unreasonable**

4          Ultimately, to the extent this Court, in its discretion, determines an award of fees is

5  proper despite the insufficiency of plaintiffs' petition, the fees awarded must be reasonable in

6  light of the totality of the circumstances presented by the case.  *See Gates v. Deukmejian*, 987

7  F.2d 1392, 1398 (9th Cir.1992). To this extent, plaintiffs' request for over $30,000 in fees is

8  simply unreasonable and unsustainable in this case. Any award of fees should be substantially

9  less than the exorbitant amount plaintiffs seek to recover.

10

11

12                              **Conclusion**

13  Based on the above and the record in this case, the Court should deny plaintiffs fee petition.

14

15

16          Respectfully submitted,

17

18                              /s/_____
19                              Kelley M. Butcher
                                Attorney for Defendant
20                              Imperial Pacific International (CNMI), LLC

21

22

23

24

25

26

27

28