Bruce Berline
BERLINE & ASSOCIATES, LLC
Second Floor, Macaranas Building
PO Box 5682 CHRB
Saipan, MP 96950
Tel: (670) 233-3663
Fax: (670) 233-5262
Email: bruce@saipanlaw.com

Aaron Halegua
AARON HALEGUA, PLLC
154 Grand Street
New York, New York 10013
Tel: (646) 854-9061
Email: ah@aaronhalegua.com

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

TIANMING WANG, *et. al*,

Plaintiffs,

v.

GOLD MANTIS CONSTRUCTION DECORATION (CNMI), LLC, *et. al*,

Defendants.

Case No. 18-cv-0030

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS AGAINST DEFENDANT IPI**

Hearing Date: April 16, 2020
Hearing Time: 10:00 am
Judge: Hon. Ramona V. Manglona

**TABLE OF CONTENTS**

**I. PRELIMINARY STATEMENT** ........................................ 1

**II. BACKGROUND** ........................................ 3

**III. ARGUMENT** ........................................ 7

**A. THE COURT SHOULD SANCTION IPI PURSUANT TO FED. R. CIV. P. 37(B)(2) FOR VIOLATING MULTIPLE DISCOVERY ORDERS OF THIS COURT** ..............7

1. IPI has violated numerous Court orders..........................7

2. IPI's persistent violations of this Court's orders warrants sanctions..........................8

3. The Court should order IPI to comply with the Stipulation, treat IPI's disobedience as a contempt of court, impose a civil contempt sanction to enforce such compliance, and warn IPI of the effects of future disobedience..........................9

4. The Court should order IPI to pay Plaintiffs' attorneys' fees for work performed as a result of IPI's disobedience with this Court's orders. ..........................12

**IV. CONCLUSION** ........................................ 13

# TABLE OF AUTHORITIES

Cases

*Block v. Vehicle Logistics Sols., LLC*, No. 17-cv-11440, 2018 WL 5264163 (E.D. Mich. Oct. 23, 2018)....9

*Block v. Vehicle Logistics Sols.*, No. 17-cv-11440, 2018 WL 7201577 (E.D. Mich. Nov. 29, 2018)..9

*Fair Housing of Marin v. Combs*, 285 F.3d 899 (9th Cir. 2002)....8

*Fox Hollow of Turlock Owners' Ass'n v. Sinclair*, No. 03-cv-05439, 2014 WL 4825175 (E.D. Cal. Sept. 26, 2014)....12

*General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376 (9th Cir.1986)....11

*G-K Properties v. Redevelopment Agency of City of San Jose*, 577 F.2d 645 (9th Cir. 1978)....8

*Hsbc Bank USA v. Dara Petroleum, Inc.*, No. 09-cv-2356, 2016 WL 2853584 (E.D. Cal. May 16, 2016)....10

*Hyde & Drath v. Baker*, 24 F.3d 1162 (9th Cir. 1994)....8

*In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361 (9th Cir. 1987)....11

*In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)....11

*Jorgensen v. Cassiday*, 320 F.3d 906 (9th Cir. 2003)....10, 12

*National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976)....8

*North Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447 (9th Cir. 1986)....8

*Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468 (9th Cir. 1992)....11, 12, 13

*Sanchez v. Rodriguez*, 298 F.R.D. 460 (C.D. Cal. 2014)....12

*Sinclair v. Fox Hollow of Turlock Owners Ass'n*, No. 03-cv-05439, 2014 WL 4275470 (E.D. Cal. Aug. 29, 2014)....12

*SunEarth, Inc. v. Sun Earth Solar Power Co.*, No. 11-cv-4991, 2012 WL 2344081 (N.D. Cal. June 20, 2012)....11

*True Health Chiropractic Inc v. McKesson Corp.*, No. 13-cv-02219, 2015 WL 1502953 (N.D. Cal. Apr. 1, 2015) ........................................ 10, 13

*United States v. Kahaluu Constr. Co., Inc.*, 857 F.2d 600 (9th Cir. 1988)........................................ 8

Plaintiffs, through their attorneys, hereby submit this memorandum of law in support of Plaintiffs' motion for sanctions against Defendant Imperial Pacific International (CNMI), LLC's ("IPI"), based on the facts set forth in the Declaration of Aaron Halegua, dated March 10, 2020 ("Halegua Decl.") and all exhibits attached thereto. IPI has violated this Court's initial order to produce all discovery by January 13, 2020, and now also violated the stipulation so-ordered by this Court requiring it to produce all discovery by February 24, 2020. Accordingly, Plaintiffs request that the Court issue an order pursuant to Fed. R. Civ. P. 37(b)(2) that: (i) directs IPI to produce all discovery and file a certifying declaration with the Court upon doing so; (ii) treats IPI's failure to obey this Court's orders as contempt of court; (iii) imposes a civil contempt sanction of $5,000 per day payable to the Court until IPI complies with those orders; (iv) instructs IPI that any further noncompliance will result in harsher sanctions, including but not limited to striking its affirmative defenses, striking its pleadings, or entering a default judgment; (v) awards Plaintiffs' attorneys' fees in connection with IPI's disobedience of this Court's prior discovery orders; and (vi) imposes any other sanctions that the Court deems justified.

## I. PRELIMINARY STATEMENT

IPI has now failed for the third time to satisfy its discovery obligations, disobeying at least two Court orders in the process. Plaintiffs first served IPI with discovery requests in September, 2019; but rather than respond, IPI engaged in a persistent effort to avoid answering any interrogatories or producing any discovery. Both Plaintiffs and this Court were required to expend considerable time and resources addressing IPI's various motions and objections—many of which IPI ultimately abandoned. This resulted in the Court issuing an order on December 12, 2019 that granted Plaintiffs' motion to compel, directed IPI to produce all discovery by January 13, 2020 (a date requested by IPI), and requiring IPI to pay Plaintiffs' attorneys' fees.

IPI then failed to meet its obligations for the second time. While IPI produced some discovery on January 13, 2020, it came nowhere close to satisfying the Court's order to provide all discovery. Some of the most blatant deficiencies in the production include failing to have the party sign interrogatory answers under oath (or at all), failing to review or produce multiple boxes of paper documents, copying-and-pasting the exact same response to each request for production, and failing to even collect—let alone review and produce—emails, WeChat data, WhatsApp data, or SMS data from virtually all relevant custodians. During a "meet and confer" call on January 17, 2020, IPI was unable to even provide a date by which all responsive emails could be produced.

Prior to seeking intervention of this Court, Plaintiffs gave IPI a third chance to get it right. IPI stated that it needed until the end of January to produce all discovery. Nonetheless, Plaintiffs agreed to a "Stipulated Discovery Scheduling Order" (the "Stipulation") (ECF No. 77) that gave IPI until February 24, 2020 to produce all discovery. To ensure IPI stayed on track to meet this deadline, the Stipulation also contained intermittent deadlines for IPI to complete specifically-defined tasks. The Stipulation was so-ordered by the Court on January 23, 2020. (ECF No. 78). However, IPI failed to comply with the very first deadline and almost every subsequent one. IPI would miss deadlines, promise to meet new ones, and then fail to meet those deadlines. IPI has now also failed to meet the Stipulation's ultimate deadlines: producing all paper documents by February 3, 2020, producing the emails and attachments of all custodians by February 17, 2020, and producing all other ESI for custodians (WeChat, WhatsApp, and SMS data) by February 24, 2020. As of the time of this motion, it is not clear that IPI has reviewed and produced all paper documents in its possession. IPI has not produced the responsive email messages and attachments for the identified custodians. IPI also has not produced any WeChat, WhatsApp, and SMS messages for anyone; indeed, it has not even confirmed that it has collected this data for any custodian other than IPI's lawyer.

Plaintiffs are sympathetic to the recent personal issues experienced by one of IPI's counsel. However, IPI has engaged in this pattern of disobeying the Court's orders since at least January, 2020, and sanctions are sought against IPI—not its attorneys. Accordingly, IPI should be sanctioned pursuant to Fed. R. Civ. P. 37(b)(2). Specifically, in addition to ordering IPI to comply (again), Plaintiffs believe additional sanctions are now necessary. The Court should treat IPI's disobedience as a contempt of court and impose daily fines until IPI complies with the Court's orders. IPI should be warned that future noncompliance will result in harsher sanctions, up to and including a default judgment. Plaintiffs also request an award of attorneys' fees for the significant amount of time expended as a result of IPI's persistent failure to comply with the Court's discovery orders.

## II. BACKGROUND

Plaintiffs are seven men from China who were employed by Defendants Gold Mantis Construction Decoration (CNMI), LLC ("Gold Mantis") and MCC International Saipan Ltd. Co. ("MCC") to build IPI's casino and hotel project in Saipan. The First Amended Complaint ("FAC") alleged four causes of action related to forced labor, negligence, and failure to secure compensation for Plaintiffs' injuries. On April 30, 2019, Defendants filed motions to dismiss the FAC and stay these proceedings, which the Court denied.

A case management plan was entered by the Court on September 10, 2019. (ECF No. 43). Plaintiffs served interrogatories and requests for documents on all Defendants on September 18, 2019. As set forth in great detail in Plaintiffs' motion to compel (ECF No. 52), IPI engaged in concerted effort to avoid providing any substantive discovery responses or producing a single document for several months. When Plaintiffs made a motion to compel IPI to respond, IPI raised a series of substantive and procedural objections—only to later abandon almost all of them. (ECF No. 79).

At oral argument on December 12, 2019 (ECF No. 61), the Court granted Plaintiffs' motion to compel and, based upon the request of IPI's attorney, ordered IPI to respond to all of Plaintiffs'

discovery requests by January 13, 2020 (hereinafter, "December 12 Order").[1] IPI plainly failed to comply in numerous ways, including: failing to have the party sign interrogatory answers under oath (or at all); failing to review or produce multiple boxes of paper documents; copying-and-pasting the exact same response to each request for production; and failing to even collect—let alone review and produce—emails, WeChat data, WhatsApp data, or SMS data from virtually all relevant custodians. (Halegua Decl. ¶3, Exs. A, B). Despite over one month transpiring since the December 12 Order, during a "meet and confer" teleconference on January 17, 2020, IPI was unable to even provide a date by which it could promise to produce responsive emails from current and former employees. (*Id.*).

In order to allow IPI to focus on collecting and producing this discovery, Plaintiffs agreed to temporarily forego filing a sanctions motion for IPI's violation of the Court's order. During the January 17, 2020 teleconference, IPI stated that it needed until the end of January to produce all discovery. (*Id.* ¶4). However, Plaintiffs agreed to provide IPI until February 24, 2020 (more than an additional month) to produce all discovery, so long as there were multiple intermittent deadlines for IPI to perform specifically-defined tasks in order to monitor its progress. (*Id.*). This agreement was memorialized in the "Stipulated Discovery Scheduling Order" (the "Stipulation") (ECF No. 77), which was then entered as a Court order (ECF No. 78). In that Stipulation, Plaintiffs expressly reserved the right to file a motion for sanctions, or seek any other relief, at some future point based on IPI's alleged failure to comply with the Court's order to produce all discovery by January 13, 2020.

IPI wasted no time violating the Stipulation by continuing to miss deadlines and seek extensions. By January 24, 2020, the first deadline set out in the Stipulation, IPI was required to provide specific identifying information for a list of custodians. IPI failed to provide this information;

[1] The Court also ordered IPI to pay Plaintiffs' attorneys' fees in connection with the motion to compel. This motion was fully briefed and is pending before the Court. (ECF Nos. 62, 68, 74).

instead, IPI sent an email announcing its unilateral decision to extend this deadline to January 27. (Halegua Decl. ¶7, Ex. C).

By January 27, 2020, IPI was required to collect the data from all email accounts belonging to the identified custodians and to provide the number of email messages in each account. IPI sent an email on January 27 noting that it did not do this. (*Id.* ¶8, Ex. E). By that same date, if IPI intended to use search terms to identify relevant ESI, the Stipulation required IPI to provide a list of search terms in English and Chinese. IPI sent a list that included no Chinese terms. (*Id.* ¶9). Furthermore, IPI promised to provide all WeChat and WhatsApp account information for the identified custodians by January 27, 2020, but IPI failed to do so. (*Id.* ¶10, Ex. F).

By January 29, 2020, IPI was required to collect all ESI data for each of the custodians. However, by that date, IPI had collected *no* WhatsApp data and only the WeChat data of its in-house attorney. IPI then promised to do so by February 12; but as of February 13, Plaintiffs still had not received confirmation that any WhatsApp and/or additional WeChat accounts were collected. (*Id.* ¶11).

After missing these intermittent deadlines, IPI also missed the Stipulation's ultimate deadlines for producing ESI. The Stipulation required IPI to make its initial production of custodians' emails and attachments by February 10 and to finish that production by February 17. All other ESI for the listed custodians (WeChat, WhatsApp, and SMS data) was to be produced by February 24, 2020. However, IPI has not produced the responsive email messages and attachments for the identified custodians. IPI has not confirmed that the other ESI data has even been collected, let alone produced any of this information. (*Id.* ¶13).

The Stipulation required IPI to review and produce all paper documents by February 3, 2020. A February 6, 2020 email from IPI stated that it still had not reviewed numerous boxes of documents.

(*Id.* ¶14, Ex. I). As of March 10, 2020, it is unclear whether or not IPI has reviewed and produced all paper documents, and Plaintiffs have not received a privilege log from IPI. (*Id.*).

The Stipulation required IPI to provide updated and signed responses to Plaintiffs' interrogatories and written responses to Plaintiffs' document requests by February 3, 2020. As IPI was unable to meet this deadline, upon IPI's request, Plaintiffs agreed to extend the deadline to February 5. (*Id.* ¶15). IPI again failed to meet this deadline, not providing updated and signed responses to Plaintiffs' interrogatories until February 13, 2020. (*Id.*). Even then, many of IPI's initial answers had not changed, despite Plaintiffs' sending a detailed deficiency letter. (*Id.*).

Plaintiffs continued seeking to work with IPI to move along the discovery process, including by sending an email, dated February 10, 2020, reminding IPI of upcoming deadlines and identifying issues in its production to date. IPI did not respond to most of these items. (*Id.* ¶16). After February 14, 2020, Plaintiffs received no communication from IPI until February 23, 2020, when IPI's attorney, Kelley Butcher, sent an email stating that she had been off-island as of February 14 on a "pre-set medical trip" and had been experiencing issues accessing her email. (*Id.* ¶16). However, during this time, neither IPI's legal staff nor IPI's general counsel J.P. San Nicolas—both of whom were copied on the emails between the parties—notified Plaintiffs of this fact. For instance, after receiving IPI's deficient interrogatory responses on February 14, Plaintiffs proposed a "meet and confer" teleconference on February 18, but there was no response to this request. (*Id.* ¶16, Ex. H).

IPI's email on February 23 stated that IPI had been in discussions to engage Sean Frink as outside counsel on this matter for "several weeks," and expected his firm to file a notice of appearance "shortly." (*Id.* ¶17). Thereafter, Plaintiffs received no further communications from IPI until Mr. Frink filed a notice of appearance on March 2, 2020. (*Id.*). In a telephone conversation between Plaintiffs and Mr. Frink on March 3, 2020, Plaintiffs informed IPI of its intention to go forward with its motion for sanctions because IPI has violated numerous Court orders pertaining to discovery. Plaintiffs asked

IPI for a date by which it would produce all discovery, but IPI was unable to provide one. (*Id.* ¶18). Plaintiffs asked for a date by which IPI would be prepared to provide such a date. While Plaintiffs believed that IPI committed to providing such a date within a week of the phone call (*id.* ¶18, Ex. L), IPI made clear in an email that it would not commit to a date by which it could provide a date for completing discovery (*id.* ¶18, Ex. M). As of March 10, 2020—nearly six months since Plaintiffs' served their discovery requests—IPI has not stated when it will provide a date to finish producing all discovery, let alone provide the actual date when it will produce that discovery. (*Id.* ¶18).

## III. ARGUMENT

### A. THE COURT SHOULD SANCTION IPI PURSUANT TO FED. R. CIV. P. 37(b)(2) FOR VIOLATING MULTIPLE DISCOVERY ORDERS OF THIS COURT.

1. IPI has violated numerous Court orders.

Fed. R. Civ. P. 37(b)(2) provides that where a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." IPI violated (at least) two Court orders: the December 12 Order and then the Stipulation.

The Court's December 12 Order required IPI to respond to all of Plaintiffs' discovery requests by January 13, 2020. IPI clearly failed to do so. A few of its more blatant failures include the following:

- The interrogatory responses provided by IPI were not signed, as clearly required by Fed. R. Civ. P. 33(b)(5). In fact, IPI did not provide a signature for its interrogatory responses until February 13, 2020—one month after the Court-ordered deadline.
- IPI had not reviewed, let alone produced multiple boxes of paper documents in its possession by January 13, 2020.
- IPI did not collect, search, or produce ESI, such as emails, WeChat accounts, or WhatsApp accounts for virtually any of the relevant custodians in this matter.

After being given another chance, IPI then violated the terms of the Stipulation. IPI violated the very first deadline, giving itself a unliteral extension instead. IPI then repeated this pattern, continually missing deadlines and granting itself extensions. These repeated failures are largely acknowledged by IPI in its communications. Not surprisingly, IPI has also failed to comply with the ultimate deadlines for producing discovery under the Stipulation: the production of all paper documents by February 3, 2020, the production of all custodian emails and attachments by February 17, 2020, and the production of all other ESI for custodians (WeChat, WhatsApp, and SMS data) by February 24, 2020. At present, it is not clear that IPI has reviewed and produced all paper documents in its possession. IPI has not produced the responsive email messages and attachments for all identified custodians. IPI also has not produced any WeChat, WhatsApp, and SMS messages for anyone; indeed, it has not even confirmed that it has collected this data for any custodian other than IPI's lawyer.

The relevant orders of the Court are clear, and IPI's violations are equally clear.

2. IPI's persistent violations of this Court's orders warrants sanctions.

In the Ninth Circuit, sanctions are appropriate where the discovery violation is "due to willfulness, bad faith, or fault of the party." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002) (*quoting United States v. Kahaluu Constr. Co., Inc.*, 857 F.2d 600, 603 (9th Cir. 1988) (citations omitted)). This standard is satisfied where the disobedient conduct is not shown to be outside the control of the litigant. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994). The Ninth Circuit has noted that "[b]elated compliance with discovery orders" is sufficient grounds for the imposition of sanctions. *North Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986) (*citing National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). *See also G-K Properties v. Redevelopment Agency of City of San Jose*, 577 F.2d 645, 647 (9th Cir. 1978) ("Litigants who are willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents.")

In the present case, IPI's failure to comply with Court's numerous discovery orders for the production of discovery is its own fault. Despite being given extension after extension, IPI simply has not taken the steps necessary to timely comply with those orders. Therefore, the failure is within IPI's control and the "fault of the party." *See Block v. Vehicle Logistics Sols., LLC*, No. 17-cv-11440, 2018 WL 5264163, at *3-*4 (E.D. Mich. Oct. 23, 2018) (imposing sanctions where party missed discovery deadline, agreed to a stipulated order promising to provide discovery by a date certain, and then only produced some of the requested discovery by that date), *vacated upon unopposed motion by sanctioned party to dismiss action with prejudice sub nom. Block v. Vehicle Logistics Sols.*, No. 17-cv-11440, 2018 WL 7201577 (E.D. Mich. Nov. 29, 2018). Furthermore, while Plaintiffs are sympathetic to Ms. Butcher's recent personal issues, it does not excuse IPI's consistent violations of Court orders over the course of many months. Accordingly, imposing sanctions under Fed. R. Civ. P. 37(b)(2) is proper.

3. The Court should order IPI to comply with the Stipulation, treat IPI's disobedience as a contempt of court, impose a civil contempt sanction to enforce such compliance, and warn IPI of the effects of future disobedience.

As to the specific sanction, Fed. R. Civ. P. 37(b)(2)(A) provides a menu of options: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." In addition to these enumerated sanctions, the Court may also issue any "further just orders." Fed. R. Civ. P. 37(b)(2)(A). District courts have wide discretion in fashioning the precise sanction, but should "apply the least coercive sanction (e.g., a monetary penalty) reasonably calculated to win compliance with its orders." *Hsbc Bank USA v. Dara*

*Petroleum, Inc.*, No. 09-cv-2356, 2016 WL 2853584, at *4 (E.D. Cal. May 16, 2016) (quotations and citations omitted).

At this stage, Plaintiffs believe it is appropriate for the Court to (i) order IPI to comply with the Stipulation and file a certification with the Court when it has done so, (ii) treat IPI's disobedience as a contempt of court, (iii) impose a civil contempt sanction to enforce IPI's compliance with the Court's orders; and (iv) warn IPI that any further noncompliance will result in harsher sanctions, up to and including termination. In light of IPI's persistent disobedience, sanctions of this sort (at a minimum) are necessary to compel compliance.

Plaintiffs do note, however, that courts in this district have deemed it appropriate to impose the ultimate sanction of termination when faced with similar facts. For instance, in *Jorgensen v. Cassidy*, the defendants failed to produce documents in response to plaintiffs' proper requests; after Judge Munson granted the plaintiff's motion to compel and ordered the documents produced on a date certain, the defendants still failed to do so. To sanction this misconduct, Judge Munson ordered that the defendants' answers be stricken and a default judgement entered. *Jorgensen v. Cassiday*, 320 F.3d 906, 913 (9th Cir. 2003) (upholding Judge Munson's order where the defendants were on notice for six months prior to their answers being stricken). Similarly, IPI has been on notice of its obligation to produce discovery since those requests were served by Plaintiffs in September 2019.

The first sanction that must be imposed on IPI is to order it (once again) to comply with the orders of this Court, including the various steps set forth in the Stipulation. *See True Health Chiropractic Inc v. McKesson Corp.*, No. 13-cv-02219, 2015 WL 1502953, at *7-8 (N.D. Cal. Apr. 1, 2015) (imposing Rule 37(b)(2) sanction of demanding compliance with the Court's initial order and requiring the filing of declarations certifying compliance). However, IPI's behavior until now demonstrates that stronger sanctions are also necessary.

The Court should treat IPI's disobedience as a contempt of court and impose a civil contempt sanction. A civil contempt sanction is appropriate where a party disobeyed "a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). "The contempt 'need not be willful,' and there is no good faith exception to the requirement of obedience to a court order." *Id.* (*quoting In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987)). A party may avoid a contempt order where the disobedience was "based on a good faith and reasonable interpretation" of the court's order or the party was in "substantial compliance" with the order. *Id.* (internal citations omitted). The movant must provide "clear and convincing evidence" that the disobedient party violated the court's order. *Id.*

As to the specific civil contempt sanction, one measure employed by courts is to impose a daily fine on the disobedient party until it comes into compliance. For instance, in *Richmark*, the Ninth Circuit upheld the district court's imposition of a civil contempt sanction ordering the defendant to pay $10,000 per day in fines until it complied with the discovery order.[2] *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1480 (9th Cir. 1992) ("Where the purpose of a civil contempt sanction is to coerce good faith efforts to comply with a discovery request, contempt is proper."). *See SunEarth, Inc. v. Sun Earth Solar Power Co.*, No. 11-cv-4991, 2012 WL 2344081, at *9 (N.D. Cal. June 20, 2012) (ordering contempt sanction of $5,000 for each future violation of the court's preliminary injunction).

In the instant matter, the criteria for treating IPI's behavior as contempt of court are easily satisfied: it disobeyed multiple specific orders of this Court by failing to take reasonable steps to comply. Court orders to comply, even when combined with the monetary sanction of paying Plaintiffs'

[2] The original district court order required the fines to be paid to the plaintiff; however, the Ninth Circuit modified the order so that the fines be paid to the court. *Richmark*, 959 F.2d at 1482 (*citing General Signal Corp. v. Donallco, Inc.,* 787 F.2d 1376, 1380 (9th Cir.1986)).

attorneys' fees, has proven insufficient to compel IPI's compliance. Accordingly, more severe sanctions are needed. Plaintiffs propose that IPI be required to pay to the Court a daily penalty of $5,000 until IPI fully complies with all elements of the Stipulation and its discovery obligations. This is an appropriate civil contempt remedy because it is forward-looking and designed to encourage IPI's compliance, rather than punish its past behavior. *Richmark*, 959 F.2d at 1480; *see also Sinclair v. Fox Hollow of Turlock Owners Ass'n*, No. 03-cv-05439, 2014 WL 4275470, at *14-15 (E.D. Cal. Aug. 29, 2014), *report and recommendation adopted sub nom. Fox Hollow of Turlock Owners' Ass'n v. Sinclair*, No. 03-cv-05439, 2014 WL 4825175 (E.D. Cal. Sept. 26, 2014) (imposing monetary sanctions and, when still insufficient, terminating sanctions).

The Court should also explicitly warn IPI that any future noncompliance with its discovery obligations or the orders of this Court will result in harsher sanctions, including but not limited to striking affirmative defenses, striking its answer, or a default judgment against it. IPI has already been granted multiple opportunities to comply with its obligations, but courts recognize that eventually a stronger sanction becomes necessary. *See Jorgensen v. Cassiday*, 320 F.3d 906, 913 (9th Cir. 2003); *see also Sanchez v. Rodriguez*, 298 F.R.D. 460, 463-64 (C.D. Cal. 2014) (imposing terminating sanctions on party who missed discovery deadlines, even after being granted extensions, and then also failed to comply with a court order to produce discovery).

4. <u>The Court should order IPI to pay Plaintiffs' attorneys' fees for work performed as a result of IPI's disobedience with this Court's orders</u>.

Where a party has failed to obey the Court's discovery order, Fed. R. Civ. P. 37(b)(2)(C) provides: "Instead of or in addition to the [other available sanctions], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

In the present case, Plaintiffs have been required to write numerous letters, engage in several teleconferences, draft and negotiate the Stipulation, discuss new discovery deadlines, and now file this motion because IPI repeatedly disobeyed the deadlines ordered by the Court. (Halegua Decl. ¶¶3–19). Accordingly, it is appropriate that IPI be ordered to pay Plaintiffs' attorneys' fees for all work performed as a result of its failure to comply with the Court's December 12 Order and the Stipulation. *See True Health Chiropractic*, 2015 WL 1502953, at *9 (awarding attorneys' fees to plaintiffs upon deciding motion against defendant that had been ordered multiple times to produce discovery); *Richmark*, 959 F.2d at 1482 ("Rule 37(b)(2) allow[s] the award of fees and expenses incurred both as a result of [defendant's] contempt and in obtaining the order compelling discovery.")

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' motion for sanctions against IPI should be granted and an order issued that: (i) directs IPI to produce all discovery as required by the Stipulation and file a certifying declaration with the Court upon doing so; (ii) treats IPI's failure to obey this Court's orders as contempt of court; (iii) imposes a civil contempt sanction of $5,000 per day payable to the Court until IPI complies with the order; (iv) instructs IPI that any further noncompliance with its discovery obligations or an order of this Court will result in harsher sanctions, up to and including striking its affirmative defenses, striking its pleadings, or entering a default judgment; (v) awards Plaintiffs' attorneys' fees in connection with IPI's disobedience of this Court's prior discovery orders; and (vi) imposes any other sanctions that the Court deems justified.

Respectfully submitted,

/s/______________________

Aaron Halegua
Bruce Berline

Attorneys for Plaintiffs