**Michael W. Dotts, Esq.**
**DOTTS LAW OFFICE**
Suite 208, DHL Building
Middle Rd. Chalan Lau Lau
PO Box 505979
Saipan, CNMI MP USA 96950
Tel. 670.234.1600
Email: mdotts@dottslaw.law

*Attorneys for Imperial Pacific International (CNMI), LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| TIANMING WANG, et al., | CASE NO.: 1:18-CV-00030 |
| Plaintiffs, | |
| vs. | **DECLARATION OF EFFORTS MADE RE: COLLECTION OF PHONES FROM CURRENT AND FORMER EMPLOYEES OF DEFENDANT** |
| GOLD MANTIS CONSTRUCTION DECORATION (CNMI), LLC, et al., | |
| Defendants. | |

I, Michael W. Dotts, under penalty of perjury, and based on personal knowledge, do hereby affirm and certify as follows:

1. I am an attorney admitted to practice before the courts of the CNMI, and I represent Defendant Imperial Pacific International (CNMI) LLC ("IPI") in this matter.

2. I was retained to represent IPI on various matters on April 21, 2020. I entered my appearance in this matter on April 30, 2020. I was aware of the issue over providing data on EIGHT (8) company phones from before I was retained or entered my appearance, and beginning on about April 18, 2020, I had discussions with IPI over what they needed to produce and why. IPI's position was that the majority of the eight phones used by employees were personal phones. The few phones that were purchased by the company early on when it started

1

business on Saipan and that were in use for company business contained personal information of the employees as well as work information. IPI was concerned about the privacy rights of its employees. It took time to obtain authorization from IPI to produce the phones.

3. IPI had also lost its ability to object because of certain previous rulings of the Court, that IPI contends were in error. I had to explain this. IPI agreed to produce the phones, subject to the right to appeal from the Court's decisions requiring the production. I then began to coordinate production.

4. I have an associate in my office who speaks and writes Chinese (Anthea Yuan). I supervised her in contacting those on a list of eight who had been identified in the Minute Entry re: Motion for Sanctions, ECF 98, Pg. 2, who must have their phones produced. It was understood that these eight phones were to be produced by April 30, 2020. *See*, ECF 98. All remaining items had to be tendered by May 16, 2020. *See id*. Attached as Exhibit 1 is a Declaration of Anthea Yuan In Support of Stipulated Discovery Scheduling Order, ECF 77, Number 8 dated May 16, 2020 that details her efforts (the "Yuan Declaration"). The Yuan Declaration was served on Plaintiffs with a large amount of discovery on May 16, 2020. It was not filed with the Court as based on the efforts made there should have been no issue over the production of the phones.

5. Attached as Exhibit 2 is the Declaration of Brandon Benson submitted to the Plaintiffs on May 16, 2020.

6. On May 28, 2020, the Court broadened the production from eight phones to all phones held by 59 so called "custodians." To comply with this new order, I had a different associate attorney (Andrew Ojeda) working with IPI's Human Recourses Manager, Redie Dela Cruz,

try to obtain phones. We also enlisted Brandon Benson of IPI's Information technology Manager assist with the effort.

7. I personally contacted several individuals. These include Henan Ma, Donald Browne, Charles McDonald, Kelly Butcher, and Eric Poon.

8. I became concerned that we were having problems finding people. For example, I believe at least two individuals are still on island and neither had responded to the requests we made. Therefore, I began issuing subpoenas. Although the Rule 45(a)(4) notice is only required to be served, those notices were filed on June 8, 2020 and help show IPI's efforts.

9. The Court had directed on May 28, 2020 that IPI subpoena the phones of anyone who had not agreed to produce their phones. The Yuan Declaration stated that custodians from Appendix B of ECF 86-2 had been contacted. As explained here, it was confirmed that there were actually 67 custodians although the list included 69 names.

10. Out of 67 names, the Yuan Declaration states that only 48 had been employees of IPI. And out of those 48, only contact information for 40 could be found.

11. The Yuan Declaration also states that out of the 48 employees, only 6 were still with IPI.

12. Out of the 40 for whom contact information was found, the Yuan Declaration states that these persons were emailed and called.

13. As explained, 19 out of 40 of these persons responded. Out of these 19 individuals, only 4 responded that they had a company phone. The Yuan Declaration states that of these 4 who had a company phone, Ms. Yuan tried to arrange for their phones to be downloaded but the IT Department of IPI was having trouble downloading data from phones.

14. Lastly, the Yuan Declaration states that Ms. Yuan asked if the 19 individuals reached had company records in their personal possession and if they would be willing to produce them. As stated, 8 out of 19 responded that they did not have company records in their possession.

And 4 out of 19 responded that they did; however, these individuals who had company records declined to share them. 7 did not respond to this request.

15. I provided a cover letter with the subpoenas explaining what was going on, giving assurances that the individuals' personal information would be protected, and inviting them to contact me. Attached as Exhibit 3 is a true and correct copy of one of those letters.

I, Michael W. Dotts, declare and state, under penalty of perjury, that the forgoing is true and correct to the best of my knowledge and belief, and is based on personal knowledge except as otherwise stated, and if called upon to testify I would competently testify thereto.

Executed on June 8, 2020 on Saipan, CNMI

By: /s/
Michael W. Dotts