F I L E D
 Clerk
 District Court
AUG 25 2020
for the Northern Mariana Islands
By_____
         (Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

TIANMING WANG, *et al.*,

    Plaintiffs,

vs.

GOLD MANTIS CONSTRUCTION DECORATION (CNMI), LLC., MCC INTERNATIONAL SAIPAN LTD, CO., and IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,

    Defendants.

Case No.: 18-cv-00030

**MEMORANDUM DECISION DENYING DEFENDANT IPI'S MOTION TO SET ASIDE DEFAULT**

Before the Court is Defendant Imperial Pacific International (CNMI), LLC ("IPI")'s Motion to Set Aside Default (ECF No. 183). Plaintiffs filed an opposition (ECF No. 199) to which IPI filed a reply (ECF No. 213). The matter came on for a hearing on August 7, 2020 at which time the Court denied the motion. Having ruled on the motion to set aside the entry of default at the hearing, the Court now issues this written order memorializing its reasoning.

**I.    LEGAL STANDARD**

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The good cause standard for a Rule 55(c) motion requires the court to consider three factors: "(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether

1

[that party] had a meritorious defense; or (3) whether reopening the default judgment[1] would prejudice [the non-moving party]." *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004) (internal quotation marks omitted). These three factors are often called the *Falk* factors after the Ninth Circuit case laying out this test. *United States v. Aguilar*, 782 F.3d 1101, 1105 (9th Cir. 2015) (citing to *Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984)). This "good cause" analysis is a disjunctive test, "such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.* (internal quotation marks omitted).

"[D]efault judgments are the exception, not the norm, and should be viewed with great suspicion." *Aguilar*, 782 F.3d at 1106. Therefore, "the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *Id.* at 1107 (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001)). Nonetheless, movant must show that the *Falk* factors support setting aside the default. *Franchise Holding*, 375 F.3d at 926.

## II. DISCUSSION

The facts that led to the entry of default against IPI have been thoroughly recounted in the order striking IPI's answer and entering default. (Am. Mem. Decision at 2–9, ECF No. 193.) In brief, after multiple violations of Court orders regarding discovery and explicit warnings that continued

---

[1] "The standard for determining whether to set aside entry of default for 'good cause' under Rule 55(c) is the same as is used to determine whether a default judgment should be set aside under Rule 60(b)." *United States v. Aguilar*, 782 F.3d 1101, 1107 n.8 (9th Cir. 2015) (internal quotation marks omitted).

failure to cooperate in the discovery process could result in severe sanctions, the Court struck IPI's answer and entered default against it on June 16, 2020. (Minutes, ECF No. 157.) IPI now argues that it satisfies all three *Falk* factors for the Court to set aside the entry of default against it.

    a. Culpability

To treat a party's actions as culpable when deciding a motion to set aside default, "the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) (quoting *TCI Grp.*, 244 F.3d at 700). The Ninth Circuit has "typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.*

IPI argues that it did not engage in culpable behavior. (Mem. of Law in Support of Mot. to Set Aside Default at 4–5, ECF No. 183-1, hereinafter "Mem.") First, it asserts its failure to produce the responsive documents from the physical boxes resulted from confusion regarding the Court's order. IPI argues it had a good faith belief that it could comply with its discovery obligations by allowing Plaintiffs to review the boxes. (*Id.* at 4.) However, the Court was not enforcing a vague oral order; it was enforcing the written terms of the stipulation that IPI agreed to and filed with the Court on January 21, 2020. Second, IPI argues that its inability to pay sanctions is not culpable conduct but rather a product of the forced closure caused by the COVID-19 pandemic. (*Id.* at 5.) IPI's inability to pay sanctions was not supported by evidence of its financial health.

IPI's motion ignores the elephant in the room – its electronically stored information or ESI. Plaintiffs served their discovery requests on IPI in September 2019. After Plaintiffs moved to compel production and IPI let the court-ordered deadline pass, it stipulated that it would produce all ESI by February 24, 2020. (Stipulation at 4, ECF No. 77.) As of the hearing date on this motion, IPI had not tendered a single document from its ESI to Plaintiffs. Moreover, IPI has unilaterally decided to engage a new e-discovery company in California instead of complying with this Court's order to provide a backup of the ESI to Plaintiffs to ensure that no data was lost. (*See* Dotts Decl. ¶¶ 3–4, ECF No. 183-4.) Even after Plaintiffs pointed out IPI's failure to address its culpability regarding the ESI in their opposition, IPI maintained its silence on the issue, simply rehashing the two arguments addressed above. (Opposition at 6; Reply at 2–3.)

The Court determined that IPI's failure to produce discovery was willful when it entered default. IPI has not offered any new explanations for its actions, particularly regarding ESI, that are inconsistent with the Court's previous finding of willfulness. The burden is squarely on IPI to demonstrate it was not culpable, and, while it is not a heavy burden, it is not for the Court to offer up explanations for IPI's conduct. *See Nat. Fashions, Inc. v. Best of Kashmir*, No. 2:15-CV-0033-MCE-CMK, 2016 WL 737379, at *2 (E.D. Cal. Feb. 25, 2016), *report and recommendation adopted in part, rejected in part*, No. 2:15-CV-0033-MCE-CMK, 2016 WL 10516023 (E.D. Cal. Mar. 30, 2016), *aff'd*, 696 F. App'x 260 (9th Cir. 2017) (finding defendants culpable where they "fail[ed] to articulate any credible, good faith explanation for the [conduct]"). Therefore, IPI failed to carry its burden on the first *Falk* factor.

//

      b. <u>Meritorious defenses</u>

To justify setting aside the entry of default, the movant "ha[s] to present the district court with specific facts that would constitute a defense. . . . A mere general denial without facts to support it is not enough to justify vacating a default or default judgment." *Franchise Holding*, 375 F.3d at 926 (internal quotation marks omitted). "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094. The veracity of those factual allegations is not a question on a motion to set aside default. *Id.* Satisfying the meritorious defense requirement is particularly important because "[i]f . . . the defendant presents no meritorious defense, then nothing but pointless delay can result from reopening judgment." *Aguilar*, 782 F.3d at 1106 (quoting *TCI Grp.*, 244 F.3d at 697).

IPI's first defense is that it "did not know, or have reason to know, that Gold Mantis or MCC, both highly respected Chinese contractors, would allegedly commit the forced labor or other violations." (Mem. at 5.) It further argues that there is no claim against IPI if MCC and Gold Mantis did not commit the allegations in the complaint. (*Id.* at 6.) However, "a naked, conclusory allegation, without a statement of underlying facts which tend to support such an allegation, is insufficient to make out a colorable claim to a meritorious defense." *Cassidy v. Tenorio*, 856 F.2d 1412, 1416 (9th Cir. 1988). IPI offers no factual allegations to support these two defenses. They are general denials of wrongdoing that do not justify setting aside the entry of default.

IPI also argues that it has "a range of documents showing compliance efforts that would support a meritorious defense." (Mem. at 6.) First, its defense against the allegation that it "had workers laboring late into the night and on Sunday" is that it was a temporary situation to ensure

5

compliance with Bureau of Environmental and Coastal Quality regulations. (Reply at 3, addressing FAC ¶ 48.) Even accepting that as true, this defense fails address the other portions of the complaint that allege long shifts (12 to 24 hours) with no rest days Plaintiffs were regularly forced to work. (FAC ¶¶ 4, 64, 84.)

Second, IPI asserts that it maintained workers compensation insurance, which could be a defense to Plaintiffs' third and fourth causes of action, negligence and liability for employees of subcontractor. It points the Court to the following documents that it alleges provide a meritorious defense: January 2016 Insurance Proposal for Sunshine Café FBM (CNMI), LLC (Ex.1, ECF 213-2 at 3–5); January 2016 Application for Workers Compensation Insurance for Hot & Spicy FBM (CNMI), LLC (Ex. 2, *id.* at 6); January 2016 Workers Compensation Policy for Hot & Spicy FBM (CNMI), LLC (Ex. 3, *id.* at 7–23); September 2017 Workers Compensation Policy for IPI (Ex. 4, *id.* at 25–33); February 2018 Workers Compensation Endorsement Schedule for AM Group, LLC (Ex. 5, *id.* at 34–43). However, Plaintiffs were all injured between December 2016 and March 2017. (FAC ¶¶ 219, 236, 244, 253, 266, 278, 287.) None of these policies cover construction workers during that time. The only active policy during the period the Plaintiffs were working on the project was for restaurant workers working for Hot & Spicy FBM, valid from January 27, 2016 to January 27, 2017. (ECF No. 213-2 at 11.) Even if the Court were to assume that Plaintiff Yongjun Meng, who was injured transporting a vat of soup to the construction site, was covered by this policy, his injury occurred in March 2017, after the policy expired. (FAC ¶ 244.) Therefore, assuming the veracity of the documents provided, they still do not provide a meritorious defense against Plaintiffs' claims.

Third, regarding dormitory conditions, IPI claims that it renovated the dormitories, which it asserts is a meritorious defense to the Plaintiffs' claims regarding their living conditions. (Reply at 3–4.) The document it provides, titled "Garapan Integrated Resort – Grand Mariana Renovation Work for Dormitory," (Ex. 6, ECF No. 213-2 at 44–82), is undated and appears to be a proposal. For the purposes of this motion only, the Court will assume that these renovations occurred during a time period that supports this defense. IPI also argues that the fact it handed over the use of the barracks to MCC supports a reasonable inference that it did not control the use of the barracks. (Reply at 4; Ex. 7, ECF No. 213-2 at 83–84.) Even assuming that IPI has stated a meritorious defense to the allegations regarding the dormitory conditions, that alone is not sufficient to defend against Plaintiffs' TVPRA and CNMI anti-trafficking claims. Plaintiffs' allegations go beyond just the conditions of the dormitories or night shifts worked; they allege threats, non-payment or underpayment of wages, fines and punishments, long shifts with no days off and unsafe working conditions. IPI offered no defense to these portions of the complaint in its briefs. IPI pointed the Court to indices of produced documents regarding safety compliance as evidence of a meritorious defense. (*See* Exs. 1–10, ECF No. 183-2.) However, it did not provide the documents[2] nor did it include any factual allegations regarding the content of those documents to support a meritorious defense. The Court will not assume without any

---

[2] IPI did include Weekly Construction Manager Reports from April 2016 in its opposition to Plaintiffs' petition for damages. (See Exs. 5–11, ECF No. 196-1.) However, those reports do not cover the time period when Plaintiffs were working for Defendants, which spanned from September 2016 to April 2017. Moreover, those reports contain information about unsafe working conditions, included missing and damaged guardrails and lack of protective gear. (*See, e.g.,* Ex. 7, ECF No. 196-1 at 29.)

factual allegations that the existence of safety reports supports IPI's defense that it did not know or have reason to know about unsafe working conditions.

Cherry-picking some allegations in the complaint and presenting plausible defenses to those allegations is not the same as presenting a meritorious defense to the claims in the complaint. IPI has not alleged sufficient facts to present a meritorious defense to Plaintiffs' complaint and, as such, has not met its burden on the second *Falk* factor.

c. Prejudice to Plaintiffs

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Grp.*, 244 F.3d at 701. Prejudice to plaintiffs includes "loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (internal quotation marks omitted). Here, IPI raises an argument that the Court has already explicitly rejected – there is no prejudice to Plaintiffs because an amended complaint will "rewind" the clock. (Mem. at 7.) It offers no caselaw in support of the proposition that delaying discovery is not prejudicial because the Court has set a deadline to amend the complaint. Moreover, IPI asserts that discovery is moving forward, and past errors have been corrected. (*Id.*) Although some progress has been made with the tendering of paper documents and bank statements, the lion's share of discovery has still not been provided to the Plaintiffs. IPI has still not complied with the Court order that a copy of the ESI held by Litigation Edge be provided to Plaintiffs for safekeeping. (Opposition at 15 n.4; s*ee also* June 5, 2020 Minutes, ECF No. 141.) Instead, by hiring a new e-discovery vendor, IPI is demonstrating that it intends to proceed with discovery on its own terms regardless of court orders. IPI's conduct has forced Plaintiffs to dedicate time and efforts to ensure that IPI is following the court's orders, including

8

the agreed upon terms of a stipulation and a protective order that they jointly filed on the Court. Obtaining discovery from IPI has been and continues to be difficult for Plaintiffs. Therefore, IPI has not satisfied the third *Falk* factor.

### III.   CONCLUSION

Because IPI has not shown good cause under Rule 55(b), the Court DENIED the motion to set aside the entry of default against it.

IT IS SO ORDERED this 25th day of August, 2020.

RAMONA V. MANGLONA
Chief Judge