Bruce Berline
BERLINE & ASSOCIATES, LLC
Second Floor, Macaranas Building
PO Box 5682 CHRB
Saipan, MP 96950
Tel:  (670) 233-3663
Fax: (670) 233-5262
Email: bruce@saipanlaw.com

Aaron Halegua
AARON HALEGUA, PLLC
524 Broadway, 11th Floor
New York, New York 10012
Tel:  (646) 854-9061
Email: ah@aaronhalegua.com

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| TIANMING WANG, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>GOLD MANTIS CONSTRUCTION DECORATION (CNMI) LLC, *et al.*<br><br>　　　　　　　　Defendants. | Civil Action No.: 18-cv-00030<br><br>**STIPULATED PROTECTIVE ORDER FOR PLAINTIFFS' PRODUCTION OF INFORMATION** |

　　　　Pursuant to Federal Rule of Civil Procedure 26(c), Defendant Gold Mantis Construction Decoration (CNMI), LLC ("Gold Mantis") and Defendant MCC International Saipan Ltd. Co. ("MCC") (together, "Defendants") and Plaintiffs, through their respective counsel (together with Defendants, "Parties"), agree that this Stipulated Protective Order ("Order") shall govern Plaintiffs' disclosure of information in the above-captioned case ("Litigation").

The Parties agree that in order to promote a process for the production of discovery by Plaintiffs consistent with Federal Rule of Civil Procedure 26(c), certain information shall either be protected from disclosure or handled pursuant to this confidentiality protocol.

1. **Scope**. All materials produced in the course of discovery, including documents, items, or other information exchanged by the Parties, regardless of the medium or manner in which any such materials are generated, stored, or maintained, as well as deposition testimony (hereinafter, collectively "Discovery Material"), shall be subject to this Order.

2. **Defendants**. For the purposes of this Order, the term "Defendants" shall include not only the corporate entities listed above, but also all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

3. **Protected Information**. Protected Information shall be redacted from any documents or interrogatory responses produced by Plaintiffs. Protected Information shall not be provided in any deposition and, if it is inadvertently provided, it shall be stricken or removed from any transcript or recording. Protected Information shall include:

   a. The complete name of any of Plaintiffs' relatives;

   b. The home address of Plaintiffs or their relatives, although the state/province and country may be disclosed;

   c. The identification number on any of Plaintiffs' or their relatives' government-issued document, including but not limited to a passport, visa, driving license, social security card, work-authorization card, government benefits card, government ID card (身份证), household registration (户口), or any other document that can be used to determine any other category of Protected Information;

   d. The complete date of birth, home or personal telephone number, email address, social media account, or bank account number for Plaintiffs or any of their relatives;

   e. Plaintiffs' employment history, the identity of their employer, or any wages earned after April 1, 2017 (except for those Plaintiffs asserting a negligence claim based on an injury suffered while employed by Defendants); and

    f.    Plaintiffs' or their relatives' tax returns or other tax-related documents.

**4.** **<u>Confidential Information</u>**. Plaintiffs may deem as "Confidential Information" any Discovery Material or information that falls within the following categories:

a. medical information concerning any individual, including Protected Health Information, as that term is defined by the Health Insurance Portability and Accountability Act ("HIPAA"), 45 C.F.R. Parts 160 and 164;

b. personal identity information that is not enumerated in paragraph 3 ("Protected Information") above;

c. any personal financial information or records, including but not limited to any bank records for any account used by Plaintiffs or their relatives; and

d. any other information for which protection may be necessary to protect the safety of Plaintiffs or their relatives and associates, so long as it is agreed to by the Parties.

**5.** **<u>Designation</u>**.

a. Plaintiffs may designate a document (or portion of a document) as Confidential Information by stamping or labeling the word "CONFIDENTIAL" on each page in a manner that will not interfere with the legibility of the document. The marking shall be applied at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. If the entire document is not Confidential Information, the designating party shall stamp or label only the pages (or parts) containing such information.

b. The designation of a document as Confidential Information is a certification by the attorney that (i) a document-by-document and/or page-by-page analysis has been performed, and (ii) the attorney has a good faith belief that the document contains information protected by this Order. The designation of an entire production, or an entire category, set, or folder of documents, or an entire group of emails, or similar such designation, shall be invalid and subject the designating party to

sanctions by this Court. Any document that has already been filed on ECF or otherwise made public shall not be designated as "Confidential Information."

    c. Within seven (7) days of producing Discovery Material designated as Confidential Information, the designating party must provide a document-by-document log setting forth the basis for its belief that each document (or portion thereof) is entitled to protection.

    d. Discovery Material designated as Confidential Information must be maintained by the designating party so that if there is an issue over the designation the document or information can be readily provided to the Court for *in camera* review on a motion challenging the designation.

    **6.** **Plaintiffs Do Not Waive Other Objections**. The fact that any information may fall within the scope of Protected Information or Confidential Information as defined in this Order does not constitute an admission as to the relevance of such material to the Litigation or the appropriateness of any discovery request for such information. To the contrary, this Order in no way limits Plaintiffs' right to object to providing any of the information described in this Order on any basis.

    **7.** **Written Discovery Responses**. If an interrogatory answer or other written discovery response contains Confidential Information, the designating party may separately append the information to the main body of the responses, mark such appendix "CONFIDENTIAL," and incorporate by reference the appended material into the responses.

    **8.** **Depositions**.

    a. *Confidential Information.* Plaintiffs shall designate any testimony as Confidential Information during the deposition, except as otherwise provided below. No objection shall be interposed at deposition that an answer would elicit Confidential Information.

    b. *Reservation of Right to Designate*. When it is impractical to identify separately each portion of testimony that is entitled to protection at the time of the deposition, Plaintiffs may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty (20) days from receipt of the transcript to identify the specific portions

4

of the testimony as to which protection is sought and to specify the level of protection being asserted.

c. *Notice of Designation*. Within twenty (20) days of receiving the transcript, Plaintiffs shall deliver to all parties of record a Notice of Designation identifying the portions of the transcript that contain Confidential Information, including specific page/line numbers and exhibits, and setting forth the basis for such designation.

d. *Transcripts and Recordings*. Any Confidential Information shall (i) be separately bound from the transcript, or appear in an appendix, or be produced in some other format, and (ii) any audio/video recordings of designated testimony shall be stored as a separate file, pursuant to the specific instructions of Plaintiffs, with the appropriate level of protection shall be specified for each portion of testimony.

9. **Failure to Designate**. An inadvertent failure to designate Discovery Material as Confidential Information does not, standing alone, waive the right to so designate the material. If Plaintiffs designate Discovery Material as Confidential Information after it was initially produced, the receiving Party on notification of the designation must make a reasonable effort to assure that the material is treated in accordance with the provisions of this Order.

10. **Protection of Confidential Information**.

a. General Protections. Confidential Information may only be used in connection with this Litigation.

b. Limited Third-Party Disclosures. Confidential Information shall only be shown to the persons or entities listed in this subsection. Each person who is permitted to see Confidential Information shall promise to honor the terms of this Order.

   1) Counsel for the parties as well as their employees, consultants, interns, experts, and translators;

   2) Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the Litigation;

5

3) The Court and its personnel;

4) Court reporters, videographers, and interpreters engaged for depositions in the Litigation;

5) Contractors engaged to make copies, scan, organize, or process documents, including electronically stored information, in the Litigation;

6) Potential or actual witnesses, including expert witnesses, in the Litigation;

7) The author or recipient of the document (not including a person who received the document in the course of the Litigation), or the subject of the document or any portion thereof; and

8) Other persons to whom the designating party agrees in writing or upon an order of the Court.

c. Party's Own Documents. Nothing in this Order limits a party's use or disclosure of its own Discovery Material designated as Confidential Information.

d. Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.

**11. Filing of Confidential Information**. Confidential Information may be filed under seal at any time, consistent with the rules of the Court. If a party intends to make a public filing, Confidential Information shall be redacted from any document. Where a Defendant believes that filing under seal or redacting the Confidential Information is insufficient, it shall explain its position in writing to Plaintiffs at least three (3) days prior to filing the Confidential Information. If the parties are unable to reach a resolution on the issue, Plaintiffs shall move the Court for a protective order. Defendants shall not publicly file the Confidential Information until Plaintiffs' motion for a protective order is decided.

**12. Challenging a Designation**. A confidentiality designation of any Discovery Material is subject to challenge by any party. The following procedure shall apply to any such challenge. Both Parties shall act in good faith throughout this process.

a. <u>Challenging Designation; Written Response.</u> A party challenging the designation of Confidential Information must notify the designating party, in writing, of the specific documents, transcript testimony/exhibits, or other items for which it challenges the designation. Within three (3) business days of the challenge being sent, the designating party must provide a justification, in writing, why the designation is appropriate and warranted under Federal Rule of Civil Procedure 26(c). If no written justification is provided within that time, the designation shall be considered waived.

b. <u>Meet and Confer</u>. If not satisfied by the written justification, the challenging party must request a "meet and confer," to be conducted either in person or by telephone, and the designating party must be available within three (3) business days for such a meeting.

c. <u>Judicial Intervention.</u> If still unresolved, the challenging party may file a motion within seven (7) days of the "meet and confer" to remove the designation. Any Discovery Materials designated as Confidential Information shall be filed under seal. The designating party shall have three (3) business days to oppose such a motion. There shall be no reply. The burden of persuasion in any such proceeding shall be on the challenging party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

13. **<u>Authority of the Court</u>**. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

14. **<u>Subpoenas or Orders to Produce Designated Information</u>**.

a. If a receiving party should be served with a subpoena or an order issued in other litigation that would compel disclosure of any Confidential Information in this Litigation, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order.

b. The receiving party must (i) immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order, (ii) deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue, (iii) and contemporaneously provide evidence of steps (i) and (ii) to the designating party.

c. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court or from the entity from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking such protection of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this Lawsuit to disobey a lawful directive from another court or similar entity. The obligations set forth in this paragraph shall remain in effect while the party has in its possession, custody, or control Confidential Information produced by the other party to this case.

15. **Challenges by Members of the Public to Sealing Orders**. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

16. **Duration of Obligations**.

a. The confidentiality obligations imposed by this Order shall remain in effect until the designating party agrees otherwise in writing or the Court orders otherwise.

b. Filings under seal shall be deleted from CM/ECF only upon order of the Court.

17. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**18. No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any Discovery Material designated Confidential Information by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**19. Prohibition on Sharing Discovery Material**. Defendants agree that they will not share Discovery Materials with any third-parties, including now-defaulted defendant in this action Imperial Pacific International (CNMI), LLC, absent the explicit written consent of Plaintiffs or an order of this Court.

**20. Effect of Prior Orders**. For any Discovery Material produced by or testified to by Plaintiffs, the terms of this Order shall control, and any procedures or terms previously agreed to with any other party, such as ECF Nos. 54–55 and 116, shall be inapplicable insofar as they concern the production of Discovery Material (including testimony) by Plaintiffs.

**21. Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

SO STIPULATED THIS 4TH DAY OF SEPTEMBER, 2020.

_____/s/_____
Bruce Berline
Aaron Halegua
Attorneys for Plaintiffs

_____/s/_____
Tiberius Mocanu
Attorney for Defendant Gold Mantis Construction Decoration (CNMI), LLC

_____/s/_____
Robert T. Torres
Attorney for Defendant MCC International Saipan Ltd. Co.