F I L E D
Clerk
District Court
DEC 02 2020
for the Northern Mariana Islands
By_____
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

TIANMING WANG, *et. al*,

        Plaintiffs,

v.

GOLD MANTIS CONSTRUCTION DECORATION (CNMI), LLC, *et. al*,

        Defendants.

Case No. 1:18-cv-0030

**ORDER TO SHOW CAUSE
AGAINST DEFFENDANT IPI**

      As a sanction for Defendant Imperial Pacific International (CNMI), LLC's ("IPI's") noncompliance with its discovery obligations and prior orders of this Court, on August 25, 2020, the Court ordered that IPI pay to Plaintiffs attorneys' fees in the amount of $93,834.25 within 30 days—thus, by September 24, 2020. (ECF No. 232).[1] On September 18, 2020, one week before that deadline, IPI filed a motion requesting an extension of time to pay (ECF No. 253-1), which was supported by a declaration from its CEO, Donald R. Browne. The Court granted a 30-day extension, ordering that IPI pay the full amount no later than October 24, 2020, and make interim payments as soon as funds are available. (ECF No. 254 (the "Fee Award Order")). The Court explicitly noted, "as discussed in prior proceedings, IPI does have assets in the CNMI that could be liquidated so that its lawful debts can be satisfied." (*Id.* at 2). The Court stated that no further extensions would be granted because "the Court has previously notified IPI of the possibility of needing to liquidate some of its assets or direct available cash flow to satisfy court orders rather than paying other expenses." (*Id.*).

---

[1] The August 25, 2020 Order describes the events leading up to its issuance in greater detail.

1

Despite the Court granting this additional time to IPI, and once again instructing IPI to liquidate assets if needed to comply with the Court's orders, IPI did not make even a partial payment of the fee award. IPI also did not file any notice or explanation with the Court prior to October 24, 2020, let alone describe any efforts to liquidate its assets. On October 27, 2020, Plaintiffs filed a "Notice of Noncompliance by Defendant IPI" (ECF No. 265) informing the Court that IPI had failed to comply with the Fee Award Order. IPI still has not filed any response or explanation.

The Court further notes that IPI has violated numerous prior discovery-related orders, which resulted in the Court finding IPI in civil contempt, ordering that it pay a fine of $2,000 per day, and later entering a default against IPI. (ECF Nos. 135, 193). Despite the imposition of the $2,000 per day sanction, which continues to accrue, IPI still has not complied with the Court's prior orders. In other words, monetary sanctions against IPI have proven insufficient to compel its directors and executives to take the steps necessary to comply with the orders of the Court.

WHEREFORE, **IPI is ordered to show cause in writing**, no later than **Friday, December 4, 2020** why this Court should not enter an Order:

1. Ordering that IPI immediately comply with the Fee Award Order;
2. Finding IPI in contempt for its failure to comply with the Fee Award Order;
3. Finding Donald R. Browne, the CEO of IPI, in contempt for IPI's failure to comply with the Fee Award Order;
4. Ordering Donald R. Browne personally to pay a fine of $500 per day until the Fee Award Order is paid in full;
5. Ordering that if a certification that the Fee Award Order has been paid in full is not filed within seven (7) days of this Order, the U.S. Marshals shall take Donald R. Browne into custody until the Court determines that the Fee Award Order has been paid in full;
6. Ordering IPI, within seven (7) days of this Order, to provide Plaintiffs with a detailed affidavit (or affidavits) that (i) identifies and describes each and every asset, or any item of value, that IPI, or any its subsidiaries or affiliates, owns, controls, possesses, or to which it is entitled, current as of November 13, 2020, (ii) describes who at IPI has decision-making

authority concerning the sale, transfer, or disposition of each of those assets, and (iii) describes the specific steps taken by IPI since August 25, 2020 to liquidate assets in order to pay the various monetary sanctions ordered by the Court, which is to be executed by an IPI officer(s) or employee(s) with personal knowledge thereof and to which all relevant documentation shall be attached;

7. Ordering IPI, within seven (7) days of this Order, to provide Plaintiffs with any and all deposition transcripts or other documents created for or produced in the case *Pacific Rim Land Development, LLC v. Imperial Pacific International (CNMI), LLC, et al*, No. 19-cv-0016 ("*Pacific Rim Litigation*"), or any other judicial or government proceeding, that relate to IPI's financial condition or decision-making authority to sell IPI's assets;

8. Ordering IPI, within seven (7) days of this Order, to file a detailed, step-by-step plan with the Court for liquidating sufficient assets to enable IPI to comply with the Fee Award Oder within twenty-one (21) days, signed under oath by an IPI director or executive with all necessary authority to execute such plan, and which (i) sets forth a plan for selling or auctioning the "IPI Gaming Machines" (as identified and defined by *Pacific Rim Litigation*, ECF No. 219, Ex. A) and the vehicles and heavy equipment in its possession (as identified by *Pacific Rim Litigation*, ECF No. 221, Ex. A), or (ii) specifically identifies other assets to be liquidated and explains why that would be preferable;

9. Notifying all IPI directors, officers, executives, employees, or other agents that a failure to comply with this Order shall result in a finding of contempt and imposition of sanctions against any responsible individual, including but not limited to a personal fine of up to $2,000 per day and incarceration until the contempt is cured;

10. Ordering IPI and its counsel to provide a copy of this Order to all IPI directors, officers, executives, employees, or other agents; and

11. Awarding Plaintiffs attorneys' fees in connection with the preparation of their motion for an Order to Show Cause.

Plaintiffs may file a response by **Monday, December 7, 2020.** A hearing is set for **Thursday, December 10, 2020 at 9:00 a.m.** The Clerk shall arrange for Plaintiffs' attorney Aaron Halegua to appear by video teleconference.

IT IS SO ORDERED this 2nd day of December, 2020.

_____
RAMONA V. MANGLONA
Chief Judge