FILED
Clerk
District Court
MAR 26 2021
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| TIANMING WANG, *et al.*, | Case No. 1-18-cv-00030 |
| Plaintiffs, | |
| v. | **ORDER DIRECTING LIJIE CUI TO PRESERVE EVIDENCE** |
| GOLD MANTIS CONSTRUCTION DECORATION (CNMI), LLC, *et al.*, | |
| Defendants. | |

On March 2, 2021, Plaintiffs filed a motion requesting that the Court issue an order requiring third-party witness Lijie Cui—the President of Imperial Pacific International Holdings Ltd. ("IPIH"), the parent company of Defendant Imperial Pacific International (CNMI), LLC ("IPI")—to make a forensic copy of her cell phone, including all WeChat data, as well as any other email accounts, messaging accounts, or other ESI used by her (hereinafter, "ESI Data"). ("Preservation Motion," ECF No. 303). The motion was supported by numerous references to the record in this case and other pending cases against IPI, as well as the Declaration of Aaron Halegua, dated March 1, 2021. Third-party witness Lijie Cui did not timely file any opposition, and on March 17, 2021, Plaintiffs filed a response in support of their Preservation Motion noting Cui's failure to file an opposition (ECF No. 306).

"Federal courts have the implied or inherent power to issue preservation orders as part of their general authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1071 (C.D. Cal. 2009) (internal quotations and citations omitted). The Court has considered the three-prong test adopted by district courts in this Circuit, and determined that good and sufficient reasons exist to issue a preservation order. More specifically, for the reasons set forth in Plaintiffs' motion, the Court finds

that: (1) there is a concern that relevant ESI Data, including the information on Ms. Cui's cell phone, will not be maintained in the absence of a preservation order; (2) irreparable harm is likely to result absent an order directing preservation; and (3) Ms. Cui is capable of preserving the evidence in question. *Bright Sols. for Dyslexia, Inc. v. Doe 1*, No. 15-cv-01618C, 2015 WL 5159125, at *2 (N.D. Cal. Sept. 2, 2015).

Accordingly, IT IS HEREBY ORDERED that (i) within fourteen (14) days of this Order, Ms. Cui shall make a forensic copy of any and all cell phones that she uses or has used in the past year (2020), including any and all data from her WeChat account, and preserve all other ESI Data; (ii) within fourteen (14) days of this Order, Ms. Cui's attorney shall file a certification with the Court that describes the search to identify any ESI Data, details the ESI Data that exists, and affirms that a forensic copy of any cell phones, including WeChat data, has been made and that all other ESI Data has been preserved; (iii) Plaintiffs shall be permitted to have a consultant verify that any ESI Data, including the contents of the phone, were adequately preserved and that no data, particularly WeChat messages, was deleted prior to copying the data; and (iv) Ms. Cui's counsel shall retain the copies of any ESI Data in his possession until this Court orders otherwise.

IT IS SO ORDERED on this 26th day of March, 2021.

RAMONA V. MANGLONA
Chief Judge