Bruce Berline
BERLINE & ASSOCIATES, LLC
Second Floor, Macaranas Building
PO Box 5682 CHRB
Saipan, MP 96950
Tel.: (670) 233-3663
Fax: (670) 233-5262
Email: bruce@saipanlaw.com

Aaron Halegua
AARON HALEGUA, PLLC
524 Broadway, 11th Floor
New York, New York 10011
Tel.: (646) 854-9061
Email: ah@aaronhalegua.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| TIANMING WANG, *et al.*, | Case No. 18-cv-0030 |
| Plaintiffs, | |
| v. | **PLAINTIFFS' RULE 60 MOTION TO MODIFY AN ORDER AND MEMORANDUM OF LAW IN SUPPOT** |
| GOLD MANTIS CONSTRUCTION DECORATION (CNMI), LLC, *et al.*, | |
| Defendants. | Hearing Date: n/a<br>Hearing Time: n/a<br>Judge: Hon. Ramona V. Manglona |

Plaintiffs bring this motion requesting that the Court modify its order (ECF No. 307 (the "Order")) granting Plaintiffs' motion (ECF No. 303 (the "Preservation Motion")) directing third-party witness Lijie Cui to preserve evidence. In the proposed order submitted along with the Preservation Motion, Plaintiffs requested that Ms. Cui be directed to "make a forensic copy of any and all cell phones that she uses or has used in the past year […]." Plaintiffs' intention was that Ms. Cui make a copy of all cell phones that she has used in the 12 months prior to the Court

1

granting of the Preservation Motion—thus, from March 26, 2020 to the present. However, the Order issued by the Court required Ms. Cui to "make a forensic copy of any and all cell phones that she uses or has used in the past year (2020) […]." (Order at 2). Plaintiffs believe it is crucial that Ms. Cui preserve the cell phone that she currently uses and/or has used in the first few months of 2021—a period in which she was deposed in this matter, arranged to pay Court sanctions, and appeared in other cases before this Court on behalf of Imperial Pacific International Holdings Ltd. Furthermore, Ms. Cui should not be able to circumvent the obligation to preserve evidence simply by stating she no longer possesses the phone(s) she used in 2020; at a minimum, Ms. Cui should be required to preserve whatever phone she is currently using.

Rule 60(a) provides that "the court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record […either] on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). Since Plaintiffs believe that the Court's construction of the term "the past year" was either a mistake or oversight, and Plaintiffs request that this mistake or oversight be addressed by modifying the Order. Specifically, Plaintiffs request that the Order be amended to read: "[…] make a forensic copy of any and all cell phones that she uses or has used since March 26, 2020 […]."[1]

.

                                                    Respectfully submitted,

                                                    /s/
                                                    _____
                                                    Aaron Halegua
                                                    Bruce Berline

                                                    Attorneys for Plaintiffs

---

[1] To the extent that setting the relevant time period in the Order as "2020" was "the result of a deliberate choice" by the Court rather than a mistake or oversight, then Plaintiffs ask that this motion be construed as a request for relief pursuant to Fed. R. Civ. P. 60(b)(6) and be granted for the reasons set forth herein. *See In re McClellan*, 459 B.R. 371, 374–376 (Bankr. E.D. Wis. 2011) (discussing the distinction between Rule 60(a) and Rule 60(b)).