F I L E D
 Clerk
District Court
AUG 25 2021
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

TIANMING WANG, *et al.*,

    Plaintiffs,

vs.

GOLD MANTIS CONSTRUCTION DECORATION (CNMI), LLC., MCC INTERNATIONAL SAIPAN LTD, CO., and IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,

    Defendants.

Case No.: 1-18-cv-00030

**ORDER FINDING THIRD-PARTY WITNESS LIJIE CUI IN CONTEMPT AND IMPOSING SANCTIONS**

    On June 30, 2021, this Court issued an Order to Show Cause (ECF No. 349) against third-party witness, Lijie Cui, ordering Ms. Cui to show cause why the Court should not find her in contempt and impose sanctions for her failure to comply with the Court's March 31, 2021 order requiring preservation of her ESI data ("Preservation Order", ECF No. 310). The matter came on for a hearing on August 25, 2021, during which time the Court heard arguments from Plaintiffs' and Ms. Cui's counsel. After hearing arguments, the Court found Ms. Cui in contempt for clearly and unambiguously violating the Court's Preservation Order. *See F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) ("The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply.").

Specifically, the Court found that Ms. Cui blatantly disregarded the Court's order by continuously deleting her WeChat messages, as admitted by herself in her own deposition, even though the Court's Preservation Order required that she preserve all ESI data. (*See* Preservation Order at 2.) Furthermore, while the Preservation Order initially required Ms. Cui's attorney to file a certification with the Court identifying any ESI Data, detailing the search for ESI data, and affirming that a forensic copy of any cell phones, including WeChat data, has been made and all other ESI Data has been preserved, the Court on June 3, 2021 ordered Ms. Cui directly and personally to submit to Plaintiffs a signed declaration written in Chinese and a certified translation of her declaration detailing her efforts to preserve ESI data. (Min., ECF No. 327). Nonetheless, in this declaration (Cui Decl. on ESI Data, ECF No. 335), Ms. Cui failed to identify that she had a personal computer, previously owned a Samsung phone between March 26, 2020 and March 31, 2021, and had an email address that she used—all in clear disregard of the Court's order. Given that the Court addressed Ms. Cui directly, the Court found that her alleged reliance on former counsel's, Mr. Juan Lizama, advice incredible.

Accordingly, the Court ORDERS that Ms. Lijie Cui must:

1. File an amended sworn statement with the Court within five (5) days clearly explaining the following:

    a) any and all ESI Data created or used by Ms. Cui since March 26, 2020, including but not limited to whether she makes or receives phone calls, sends or receives text messages, sends or receives emails, stores contact information, or uses iMessage, WeChat, WhatsApp, QQ, Facebook, or other social media platforms, and on which device(s) she created or used any of that ESI Data;

b) any and all telephone numbers linked to her WeChat account(s) as well as any WeChat ID used by her;

c) a description of all mobile phones, including the Samsung phone, used by Ms. Cui since March 26, 2020, the dates they were used, and their current location;

d) a description of all SIM cards used by Ms. Cui since March 26, 2020 (including country code, phone number, and carrier), the dates they were used, their current location, and if missing, how they went missing;

e) a description of all ESI backups, including iCloud accounts, used by Ms. Cui since March 26, 2020;

f) whether she or anyone else has deleted any data from these phones or SIM cards and the dates of the deletion;

g) whether Ms. Cui has made or received any calls on her phone since March 26, 2020 and, if so, why there is no record of any calls;

h) whether Ms. Cui has sent or received any messages on her phone since March 26, 2020 and, if so, why there is no record of any messages;

i) whether Ms. Cui has sent or received any emails on her phone since March 26, 2020 and, if so, why there is no record of any emails; and

j) an identification of all individuals whom made calls or messages on behalf of Cui since March 26, 2020.

2. Provide proof of purchase of her rose gold Apple iPhone, including date of purchase, within five (5) days.

3. Immediately turn over her personal computer to a computer company such as Megabyte or White Coconut Computer Services or the like so that a forensic copy could be made, with counsel to confer on the details of the procedure;

4. Immediately turn over any remaining SIM cards and other devices that she has used to create or store ESI Data since March 26, 2020 to Plaintiffs and provide all applicable passwords, to be sent to TransPerfect, to make forensic images of all available ESI Data. The vendor shall then prepare a report concerning its analysis of the ESI Data that is recovered as well as whether any data has been deleted, which shall be shared with Plaintiffs. Ms. Cui shall bear all costs for the vendor's services.

5. File with the Court within fourteen (14) days a sworn statement from the vendor: (a) affirming that the imaging of all devices has been completed and all available data has been preserved; (b) affirming that the WeChat data from Ms. Cui's account has been preserved and is accessible, including her WeChat contacts, conversations, and messages; (c) stating the key findings from its analysis of the copied data; and (d) stating whether any data was found to be deleted and the date upon which it was deleted.

Failure to comply with the Court's order by these deadlines will result in sanctions of $1,000 per day to be paid to this Court until the Court's order is fully complied with. Continued failure may result in further sanctions, including imprisonment. *See* 18 U.S.C. § 401 (district court has power to punish disobedience "by fine or imprisonment, or both, at its discretion"); *In re Kenny G Enterprises,*

*LLC*, 692 F. App'x 950, 952–53 (9th Cir. 2017) (affirming imprisonment of individual for failing to pay monetary sanctions).

Furthermore, Ms. Cui's counsel is ORDERED to file a certification of compliance with this court no later than fifteen (15) days from this Court's order. As a further civil contempt sanction caused by her disobedience, Ms. Cui is ordered to pay Plaintiffs attorneys' fees and costs for pursuing this order to show cause. A status conference is set for **Monday, October 4, 2021 at 8:30 a.m**. to review Ms. Cui's compliance. If Ms. Cui has fully complied with the Court's order as confirmed by her counsel and Plaintiffs' counsel, the status conference will be vacated.

IT IS SO ORDERED this 25th day of August, 2021.

_____
RAMONA V. MANGLONA
Chief Judge