F I L E D
Clerk
District Court

SEP 03 2021

for the Northern Mariana Islands
By_____
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| TIANMING WANG, *et al.*,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>GOLD MANTIS CONSTRUCTION DECORATION (CNMI), LLC., MCC INTERNATIONAL SAIPAN LTD, CO., and IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,<br><br>　　　　Defendants. | Case No.: 1-18-cv-00030<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL** |

　　　　On August 2, 2021, Counsel Michael W. Dotts and the Law Office of Michael W. Dotts, LLC ("Dotts") filed a Motion to Withdraw as counsel of record for Defendant Imperial Pacific International (CNMI), LLC ("IPI"). (Mot., ECF No. 375.) The Court *sua sponte* addressed the motion on August 16, 2021, during which time Plaintiffs opposed the motion. (Min., ECF No. 396). After hearing arguments from Dotts, Plaintiffs, and Defendant IPI, the Court gave notice that it was inclined to grant Dotts' motion to withdraw after an appeal was filed in this matter and took the motion under submission. (*Id.*) Plaintiffs subsequently memorialized their opposition in writing. (Opp'n, ECF No. 397.) Given that an appeal has now been filed, and in consideration of the record in this case and relevant legal authority, the Court GRANTS Dotts' motion for the reasons set forth below.

\\

\

## I.  BACKGROUND

Dotts has served as IPI's counsel for matters involving its exclusive casino license starting in 2015, and then started making appearances in a number of lawsuits pending in this court thereafter. In the instant action, he entered his appearance on April 30, 2020 (Notice of Appearance, ECF No. 103), and the Court approved his substitution in as counsel on May 6, 2020 (Min., ECF No. 107). Dotts now seeks to withdraw based on IPI's failure to pay for the legal services rendered. (Mot., ECF No. 375.) A total of $140,000 is owed to Dotts and the Firm in which he is the sole member. (Decl. Dotts ¶ 14, ECF No. 375-3.)

According to Dotts, he has contacted IPI reminding it of its obligations to render payment. Importantly, "[w]ith each missed payment [Dotts] contacted IPI management and advised that if the payments went unpaid, [Dotts] would suspend work and move to withdraw as counsel." (*Id*. ¶ 13.) In fact, on July 10, 2021, Dotts advised Ray Yumul, the current CEO of IPI, that if IPI "did not make a substantial payment toward what was owed . . . [Dotts] would move to withdraw as counsel in all remaining matters where [he] was representing IPI." (*Id*. ¶ 15.) No payment has been made as of August 2, 2021. (*Id*. ¶ 14.)

The Court *sua sponte* addressed the motion on August 16, 2021. (Min., ECF No. 396.) Mr. Yumul, on behalf of IPI, did not oppose Dotts' withdrawal. Plaintiffs, however, opposed Dotts' motion at the hearing until IPI found another local counsel to replace Dotts, arguing that local counsel was necessary to deal with post-collection efforts. (*Id*.) Specifically, Plaintiffs argue that the lack of local counsel would significantly prejudice their ability to efficiently enforce their judgment, given that it would be much more difficult to coordinate the necessary site visits and inspections. (Opp'n at 2-4,

ECF No. 397.) Furthermore, if Plaintiffs' counsel would be forced to deal with IPI staff and employees directly, unpredictable questions would arise and Plaintiffs would need to seek mainland counsels' input or Court approval, thereby causing delay. (*Id*. at 3.)

After hearing arguments from the parties, the Court nonetheless gave notice that it was inclined to grant Dotts' motion to withdraw after an appeal was filed in this matter and took the motion under submission. (*Id*.) On September 1, 2021, IPI filed its notices of appeal. (*See* ECF Nos. 416, 417.)

## II.   LEGAL STANDARD

The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record "only after order of the Court upon motion and for good cause shown, and after serving notice upon his or her client and opposing counsel." LR 83.4(d). In this District, the conduct of counsel, including the withdrawal of counsel, is governed by the ABA Model Rules of Professional Conduct ("Model Rules") through Local Rule 1.5.

Courts have wide discretion in ruling on a motion to withdraw. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009) (sound discretion); *Curtis v. Illumination Arts, Inc*., 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014) (wide discretion). In evaluating a motion to withdraw, courts consider several factors including: "(1) the reason counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Atkins v. Bank of Am., N.A*., 2015 WL 4150744, at *1 (N.D. Cal. July 9, 2015).

\\

\

### III.  DISCUSSION

As a preliminary matter, the Court must determine whether it has jurisdiction to entertain this motion given that a notice of appeal was filed.  "The Ninth Circuit follows the general rule, with some exceptions, that the filing of a notice of appeal divests the district court of jurisdiction over the matters appealed." *Donovan v. Mazzola*, 761 F.2d 1411, 1414 (9th Cir. 1985). However, "even the filing of a notice of appeal does not divest a district court of its jurisdiction over matters ancillary to the appeal, such as protective orders." *Brennan v. Opus Bank*, 796 F.3d 1125, 1134 (9th Cir. 2015); *see Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal*." (emphasis added)). Here, Defendant IPI has appealed this Court's Decision and Order entering default judgment against IPI and the Court's order denying IPI's motion for reconsideration of the Decision and Order. Dotts' withdrawal as counsel is not an aspect of the issues on appeal, and therefore the Court concludes that it retains jurisdiction to still rule on Dotts' motion to withdraw.

The Model Rules allow an attorney to withdraw from a case upon leave of the court. Model Rule 1.16(c). One justification falls under Model Rule 1.16(b)(5) which states that "a lawyer may withdraw from representing a client if the client fails to substantially fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Courts have found that a failure to pay and the unlikelihood of rectifying such failure constitutes good cause for withdrawing from representation. *See Garcia v. Milky Way Factory*, 2020 WL 8027776, at *1 (C.D. Cal. Nov. 10, 2020) (finding good cause for

withdrawal for failure to pay); *Osgood v. Main Street Marketing, LLC*, 2017 WL 7362740, at *1 (S.D. Cal. Mar. 27, 2017) (failing to pay since the inception of the case); *Stewart v. Boeing Co.*, 2013 WL 3168269, at *2 (C.D. Cal. June 19, 2013) (failing to pay since November 2011).

Based on the record in this case, it appears that withdrawal is appropriate. Dotts has noticed IPI on numerous occasions according to his Declaration, and IPI has continuously failed to make payment. Dotts and the Firm will not be able to afford representing IPI if IPI does not make payment. The Court notes that Dotts has advised IPI about the filing of the motion to withdraw and the need for Defendant to retain local counsel in this matter. Thus, Dotts has fulfilled his obligation under this Court's Local Rules and has provided the proper notice to Defendants.

The Court also finds that the prejudice to Plaintiffs, harm to the administration of justice, and delay in resolution of the case will be minimal in granting the motion compared to the prejudice to Dotts if the Court were to deny his motion. Plaintiffs have already obtained a default judgment in this matter (Judgment, ECF No. 323) and an appeal has been filed, and therefore the only pending matter before the Court is collection efforts. However, the inconvenience and delay to Plaintiffs in coordinating site visits for collection efforts is not sufficient reason to cause Dotts to remain on the case while he and his law firm have not been paid for months and remain unpaid.  It would be hypocritical for the Court to force Dotts to continually work without pay when the Court has made clear that it does not condone forced unpaid labor in this case.  Accordingly, the Court finds that good cause has been established.

\\

\

5

## IV.     CONCLUSION

Based on the foregoing reasons, the Court GRANTS Mr. Dotts' motion to withdraw as IPI's counsel.

IT IS SO ORDERED this 3rd day of September, 2021.

RAMONA V. MANGLONA
Chief Judge