Bruce Berline
LAW OFFICE OF BRUCE L. BERLINE, LLC
Second Floor, Macaranas Building
PO Box 5682 CHRB
Saipan, MP 96950
Tel: (670) 233-3663
Fax: (670) 233-5262
Email: bruce@saipanlaw.com

Aaron Halegua
AARON HALEGUA, PLLC
524 Broadway, 11th Floor
New York, New York 10012
Tel: (646) 854-9061
Email: ah@aaronhalegua.com

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| TIANMING WANG, *et. al*,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>GOLD MANTIS CONSTRUCTION DECORATION (CNMI), LLC, *et. al*,<br><br>　　　　　　　　Defendants. | Case No. 18-cv-0030<br><br>**PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF AN ORDER TO SHOW CAUSE AGAINST LIJIE CUI**<br><br>Hearing Date: n/a<br>Hearing Time: n/a<br>Judge: Hon. Ramona V. Manglona |

1

On March 31, 2021, the Court issued an Amended Order directing third-party witness Lijie Cui to identify and preserve all ESI Data that she used or created since March 26, 2020. (ECF No. 310 ("Preservation Order")). The Court is intimately familiar with the subsequent painstaking efforts of Plaintiffs and this Court to compel Ms. Cui to comply with the Preservation Order. During that process, Ms. Cui was ordered to send her iPhone to TransPerfect in New York City pursuant to a protocol that required the vendor to do a forensic analysis, provide a report, and prepare a declaration to be filed with the Court—and Ms. Cui was directed to pay all related costs. Despite Plaintiffs repeated efforts, including numerous phone calls and emails, Ms. Cui has refused to pay (amongst other items) the $1,065.00 charged by TransPerfect to prepare the aforesaid declaration. Accordingly, Plaintiffs request that the Court issue an Order to Show Cause why Ms. Cui should not be held in contempt for this blatant violation of its very clear order. This request is supported by the Declaration of Aaron Halegua, dated November 25, 2021 ("Halegua Decl."), and the exhibits attached thereto.

**BACKGROUND**

After the Preservation Order was issued, Ms. Cui initially attempted to have an IPI employee do a forensic backup of her phone, but failed to do this properly. Plaintiffs then identified a vendor, TransPerfect, that had the capability to make a forensic copy and perform a forensic analysis of Ms. Cui's iPhone. Plaintiffs negotiated a protocol for this process with Ms. Cui's attorney and then on May 12, 2021 submitted it to the Court as part of a reply brief for a prior motion for an Order to Show Cause to hold Ms. Cui in contempt. (ECF No. 318-7 ("Collection Protocol")). At the May 14, 2021 hearing, the Court ordered that the parties adhere to the Collection Protocol, with only a slight modification concerning access to the data. (ECF No. 320). On June 10, 2021, Ms. Cui filed a version of the Collection Protocol that was signed by both her and her attorney. (ECF No. 334).

The Collection Protocol provides that TransPerfect would make a forensic copy of Ms. Cui's phone (Collection Protocol ¶2), produce a report explaining the data that TransPerfect was able to collect from the phone (*id.* ¶4), conduct a deletion analysis (*id.* ¶5), and then "provide a sworn affidavit

to Plaintiffs and Cui that: describes the procedures it employed; affirms that a forensically-sound copy of all available data on Ms. Cui's mobile phone has been preserved, including any and all WeChat data; and describes the findings of its Deletion Analysis (*id* ¶6)." The Collection Protocol further provided that Ms. Cui "is responsible for any and all costs incurred in relation to the … [Collection] Protocol." (*Id.* ¶8).

On July 27, 2021, Jonathan Langton of TransPerfect executed a sworn statement that he prepared pursuant to paragraph 6 of the Collection Protocol. (*See* ECF No. 380 ("Langton Declaration")). The 16-paragraph declaration includes five exhibits and addresses the topics set forth in the Collection Protocol, including his finding that Ms. Cui's iPhone had been wiped clean and initialized on or around March 21, 2021—a fact that was never previously disclosed by Ms. Cui and still has never been explained by her. (Langton Decl. ¶¶10-16). TransPerfect's findings were part of the basis upon which the Court held Ms. Cui in contempt and decided the topics that she needed to address in an updated sworn statement about her ESI usage. (ECF No. 411).

TransPerfect has now issued two invoices for the work that it performed in this matter. The first invoice covers work performed in June, July and August of 2021 and thus dealt exclusively with tasks related to the iPhone and Collection Protocol. (*See* Halegua Decl., Ex. A ("First TransPerfect Invoice")).[1] The total amount owed under the invoice is $5,337.59, of which Ms. Cui had previously paid $3,000.00 when TransPerfect was first engaged. (*Id.* ¶3). Ms. Cui did not pay the remaining balance of the invoice. (*Id.* ¶4). When the second TransPerfect invoice was issued, Plaintiffs raised the issue of Ms. Cui paying these invoices with Clyde Lemons, who then referred Plaintiffs to Joey P. San Nicolas. (*Id.* ¶5). After several emails and discussions with Mr. San Nicolas, he reported that Ms. Cui objected to payment of several items on the two TransPerfect invoices. (*Id.* ¶5, Ex. B (email from Mr. San Nicolas detailing the items to which Ms. Cui objects)). Plaintiffs responded that Ms. Cui was backtracking on the assurances previously provided by Mr. Lemons and Plaintiffs would be forced to

---

[1] The second invoice, which relates to work performed by TransPerfect concerning Ms. Cui's computer hard drive, SIM card, and attempted access to her Gmail and iCloud accounts, will be addressed in Plaintiffs' forthcoming fee petition. (Halegua Decl. ¶3).

3

bring another order to show cause. (*Id.* ¶5, Ex. C (email from Plaintiffs to Mr. San Nicolas)). This prompted Ms. Cui to agree to pay for one additional line item. (*Id.* ¶5). However, Ms. Cui still objected to paying, amongst other items, the $1,065.00 for the 3.00 hours spent on "Affidavit Preparation/Affidavit Composition" listed in the First TransPerfect Invoice. (*Id.* ¶5, Ex. D at 6 (highlighted invoice indicating the items that Ms. Cui refused to pay)). While Ms. Cui later provided a check to Plaintiffs for some other portions of the TransPerfect invoices, Ms. Cui has not delivered payment for preparation of the declaration to either Plaintiffs or TransPerfect. (*Id.* ¶¶5-6).

## ARGUMENT

**A. Ms. Cui should be found in contempt for disobeying a Court order.**

A finding of contempt is appropriate when a party disobeys "a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). "The contempt 'need not be willful,' and there is no good faith exception to the requirement of obedience to a court order." *Id.* (*quoting In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987)). Where a third-party witness has failed to comply with a court order, district courts have found it proper to issue an order to show cause why contempt sanctions should not issue. *Poly-Med, Inc. v. Novus Sci. PTE Ltd.*, No. 17-cv-649, 2017 WL 2291942, at *2–3 (S.D. Cal. May 25, 2017) (failure to comply with subpoena). *See also Morgutia-Johnson v. City of Fresno*, No. 14-cv-00127, 2015 WL 1021123, at *3 (E.D. Cal. Mar. 9, 2015) (issuing order to show cause after witness fails to appear at deposition).

The Collection Protocol clearly provides that TransPerfect, after copying and analyzing Ms. Cui's iPhone, was to prepare a sworn statement for the Court that addressed certain specified topics, and explicitly stated that Ms. Cui was responsible for these costs. Regardless of whatever arguments she may have concerning other costs, Ms. Cui has no defense for not paying the costs incurred for Mr.

Langton preparing the declaration pursuant to the Collection Protocol. Nonetheless, once again, Ms. Cui demonstrates that she feels no compulsion to comply with the clear orders of this Court, but rather is emboldened to pick and choose which directives she will obey and which she will disregard. As a result, Plaintiffs have been forced to expend additional time negotiating with Ms. Cui's multiple attorneys as she changes her position and objects to following Court orders without any coherent basis. Plaintiffs are also forced to pay TransPerfect from their own funds because Ms. Cui refuses to comply with her Court-ordered obligations. (Halegua Decl. ¶4).

### B. The Court should impose a severe coercive sanction against Ms. Cui since prior monetary sanctions have proven ineffective.

If a lawful order or command is disobeyed, a district court has "the power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority…." 18 U.S.C. § 401. Some courts in the Ninth Circuit have imposed a civil contempt sanction of incarceration when a party disobeys a court order to make payments. *See*, *e.g.*, *In re Kenny G Enterprises, LLC*, 692 F. App'x 950, 952–53 (9th Cir. 2017) (affirming imprisonment of individual for failing to pay monetary sanction). This Court has already found Ms. Cui in contempt multiple times and ordered her to pay attorneys' fees to Plaintiffs as a sanction. Nonetheless, Ms. Cui clearly continues to feel no compulsion to comply with the clear orders of this Court. Therefore, the Court should impose a significant coercive sanction against Ms. Cui, including at least a daily fine of $500, until she complies with the Court's directive to pay the costs incurred by TransPerfect to prepare the declaration.

### C. Plaintiffs should be awarded attorneys' fees for their efforts in seeking to compel Ms. Cui to comply with the clear directives of this Court.

The Court may award the payment of attorneys' fees as a compensatory civil contempt sanction. *In re Sula, Inc.*, No. 215-BK-23350-WB, 2016 WL 3960513, at *4 (Bankr. C.D. Cal. July 15, 2016).

5

Ms. Cui should be ordered to pay Plaintiffs' attorneys fees for time spent trying to compel her to pay the monies that she clearly owes as well as preparing this motion for an Order to Show Cause.

DATED: November 26, 2021.

_____/s/_____
Aaron Halegua
Bruce Berline

Attorneys for Plaintiffs