Bruce Berline
LAW OFFICE OF BRUCE BERLINE, LLC
Second Floor, Macaranas Building
PO Box 5682 CHRB
Saipan, MP 96950
Tel: (670) 233-3663
Fax: (670) 233-5262
Email: bruce@saipanlaw.com

Aaron Halegua
AARON HALEGUA, PLLC
524 Broadway, 11th Floor
New York, New York 10012
Tel: (646) 854-9061
Email: ah@aaronhalegua.com

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| TIANMING WANG, *et. al*,<br><br>Plaintiffs,<br><br>v.<br><br>GOLD MANTIS CONSTRUCTION DECORATION (CNMI), LLC, *et. al*,<br><br>Defendants. | Case No. 18-cv-0030<br><br>**DECLARATION OF AARON HALEGUA IN SUPPORT OF PLAINTIFFS' THIRD PETITION FOR ATTORNEYS' FEES AGAINST THIRD-PARTY WITNESS LIJIE CUI**<br><br>Hearing Date:  n/a<br>Hearing Time: n/a<br>Judge: Hon. Ramona V. Manglona |

I, AARON HALEGUA, hereby declare:

1. I am over eighteen years of age and am fully competent to testify to the facts set forth in this declaration. I, along with Bruce Berline, represent Plaintiffs in this action.

2. I submit this declaration in support of Plaintiffs' third petition for attorneys' fees and costs against third-party witness Lijie Cui ("Ms. Cui"). On November 5, 2021, the Court found Ms. Cui in contempt (again) for failing to comply with the Preservation Order and subsequent related orders that

1

required her to produce all ESI backups, produce login credentials for her iTunes and/or iCloud accounts containing those backups, and file a sworn statement addressing these subjects. (ECF No. 447 ("November 5 Contempt Order")).[1] As one of the sanctions for this contempt, the Court awarded attorney' fees and costs to Plaintiffs. (*Id.*).

## Background

3. The amended Preservation Order was issued on March 31, 2021. (ECF No. 310). After months of failing to comply and the issuance of an order to show cause, on August 25, 2021, the Court issued an Order finding Ms. Cui in contempt for violating the Preservation Order and awarded attorneys' fees to Plaintiffs. (ECF No. 411 ("August 25 Contempt Order")). Plaintiffs' prior fee petition covered work performed from the issuance of the Preservation Order until the submission of the fee petition on September 13, 2021, as well as work on the reply brief for the petition. (*See* ECF Nos. 423, 434).

4. The August 25 Contempt Order required Ms. Cui to, *inter alia*, provide an amended sworn statement addressing her ESI Data (including information on her QQ account and a description of all ESI backups, including any iCloud accounts), turn over her personal computer for forensic imaging, provide all applicable passwords for her devices and accounts, and file a certification from TransPerfect as to the results of its analysis.

5. At a status conference on October 6, 2021, because Ms. Cui still had not complied with many aspects of the August 25 Contempt Order, and there was considerable evidence that she had possessed another cell phone that was never identified by her, the Court scheduled an evidentiary hearing. (ECF No. 437). The evidentiary hearing lasted four days and nine witnesses testified. (ECF Nos. 439-442).

6. On November 5, 2021, the Court noted the high evidentiary standard to find contempt and declined to find Ms. Cui in contempt regarding the cell phone at that time, but did find her in contempt regarding her failure to provide her ESI backups, passwords to her iTunes and/or iCloud account, and a sworn statement explaining these items. The Court instructed Plaintiffs to submit a fee petition that accounted for the fact that Ms. Cui was found in contempt for some violations but not others.

---

[1] The defined terms used in this declaration and throughout Plaintiffs' fee petition have the same meaning as in Plaintiffs' response to the Order to Show Cause (ECF No. 400), unless otherwise noted.

**Timekeeping Practices**

7. I note that Plaintiffs have submitted numerous prior fee petitions against both Ms. Cui and IPI in this matter (*e.g.*, ECF Nos. 62, 110, 133, 226, 300) and I have submitted several declarations accompanying each of those petitions (*e.g.*, ECF Nos. 63, 75, 111, 128-1, 133-1, 227, 300-1). Collectively, I refer to these prior declarations as the "Prior Halegua Declarations."

8. As set forth in the Prior Halegua Declarations, I maintain contemporaneous time records for work performed on this case by entering my start time, end time, and a description for each task that is performed into a spreadsheet. The software then calculates the number of hours spent on each task, which is rounded to the nearest one-hundredth of an hour. My time records concerning tasks related to this case for which I am seeking fees through this petition are attached as **Appendix A** to this declaration. (Time entries reflect the date and time zone of the location where I physically performed the work). If anything, these entries understate the amount of work that I performed in seeking to compel Ms. Cui to comply with the Court's preservation and other orders, as I am not always able to contemporaneously record the time spent on each task, email, or phone call that arises.

**Reasonable Hours**

9. As explained herein, I am seeking attorneys' fees for 62.62 hours of work for the period since September 13, 2021 which includes: (1) work performed from the August 25 Contempt Order until the October 6 hearing; (2) time spent after October 6 preparing for and conducting the evidentiary hearing, and then attending the November 5 status conference; and (3) time spent preparing this fee petition, including negotiating with Ms. Cui about the payment of TransPerfect's invoices.

*First Period*

10. For the first period (from August 25 to October 6), I am seeking fees for 25.12 hours of work, after excluding the time spent on tasks solely related to the cell phone issue, such as the preparation of Corrado Modica's declaration.[2] During this time, I was required to make considerable efforts to compel Ms. Cui to comply with the August 25 Contempt Order. This work included, *inter alia*,

---

[2] The status conference was on October 6, 2021 (ChST); therefore, this period includes time entries on my time sheet (which reflects the time in New York) through October 5, 2021 and the time entries starting on October 6, 2021 (New York time) are included in the subsequent time period.

3

conferring with Mr. Langton about whether any backups existed on the computer tendered by Ms. Cui (there were none), whether iTunes was installed on that computer (it was not), and preparing a declaration on these subjects (ECF No. 429-3); preparing deficiency letters and correspondence to Ms. Cui's attorneys about the lack of information concerning backups and the non-working passwords; subpoenaing IT&E for any information about the work performed on Ms. Cui's phones and accounts when she visited the store in Saipan and reviewing those records; interviewing Ms. Forbes and eventually obtaining a declaration from her stating that the phone that she was provided displayed a "qq.com" email address as Ms. Cui's Apple ID and iCloud account login (ECF No. 429-2); and preparing a status report detailing for the Court the continued disobedience and failures to comply by Ms. Cui (ECF No. 429). I also reviewed documents produced by Howyo Chi in response to Plaintiffs' subpoena, drafted a deficiency letter, and tried to arrange for his deposition (which he refused) since Mr. Chi was involved in the efforts to backup Ms. Cui's phone and in drafting all the various declarations that were submitted to the Court by or on behalf of Ms. Cui. I also worked with Mr. Langton to see if the passwords that were provided by Ms. Cui could be used to login to her iCloud account and preparing a declaration reporting that the passwords did not work. (ECF No. 438).

*Second Period*

11. For the second period (from October 6 through November 5), I am seeking fees for 28.80 hours of work, after excluding time spent solely related to the phone issue and then applying a 40% discount to the remaining hours.

12. I excluded a total of 4.70 hours from my time sheet that were spent specifically related to the question of whether Ms. Cui had a rose-gold iPhone, including: time spent reviewing Ms. Cui's deposition testimony and statements on this particular issue of how many phones she had; interviews and conversations with Corrado Modica; any work related to Ms. Cui's passport, I-94 report, and whether she was in Saipan in the summer of 2019; preparation of Tina Sablan's testimony; preparation of Mike Yang's testimony; and preparation of Glenn Bell's testimony (who ultimately did not testify).

13. After excluding the time spent solely on the phone issue, I had a total of 48.00 hours spent preparing for and conducting the hearing, and then attending the November 5 status conference. For

these hours, it is not possible to precisely decipher the proportion spent on the phone issue versus the ESI backups, iCloud account, passwords, and related issues. Having already excluded 4.70 hours of work that were related solely to the phone, I applied a reduction of 40% to these remaining hours—resulting in 19.20 additional hours being excluded. This reduction is reasonable because five of the nine hearing witnesses testified about the issue of the ESI Data backups and Ms. Cui's iTunes and iCloud accounts: Jonathan Langton, Fely Forbes, John Lizama, Manni Guan, and Howyo Chi. For instance, Mr. Langton testified about how his analysis determined that the phone was wiped clean on March 21, 2021 and an iTunes backup was installed. Ms. Forbes testified about how she was provided an iCloud account that used a "QQ" email address as a login. Ms. Guan testified about the operations that she performed on the phone on March 21, 2021—an account grossly inconsistent with Ms. Cui's own declaration and the findings of Mr. Langton. Mr. Lizama's testimony and emails also addressed that he did not trust Ms. Guan's account of how the data on the phone was lost. Mr. Howyo Chi's testimony also addressed his interactions with Ms. Forbes at IT&E. Further, while four out of nine witnesses only testified about the phone issue, the actual testimony by Tina Sablan, Mike Yang, and Chuanfu Huang and the time needed to prepare for it were relatively limited. After excluding the time spent solely on the phone issue and applying the 40% reduction to the remaining hours, I am seeking fees for only 28.80 hours of work performed in this second period.

*Third Period*

14. I also spent 8.70 hours on the preparation of this fee petition. This time included several emails and more than one discussion with Ms. Cui's counsel regarding whether or not she would pay TransPerfect's invoices. Plaintiffs transmitted the invoice to Ms. Cui's counsel on November 2, 2021. As of November 7, 2021, Plaintiffs had not received a response. On November 8, 2021, Ms. Cui's counsel stated that the invoice was still "being reviewed." I asked Mr. San Nicolas to state Ms. Cui's position in an email, but he insisted that we have a Zoom meeting, and I obliged. He stated that he would go back to Ms. Cui to discuss the issue further. On November 16, 2021, at Mr. San Nicolas' request, we had another Zoom meeting. He then followed up with an email stating Ms. Cui's objections to paying for parts of TransPerfect's services, including the time spent by Mr. Langton trying to access

5

Ms. Cui's iCloud account using the incorrect passwords that she provided and drafting a declaration (and later testifying) about this fact. It was only after additional communications with Ms. Cui, including a warning that Plaintiffs would seek to find her in contempt for not paying even those costs that the Court clearly ordered her to cover, that Ms. Cui agreed to pay for those items. However, despite my explanation that Mr. Langton's testimony at the evidentiary hearing concerned issues for which the Court found Ms. Cui in contempt (deletion of data, lack of backups, passwords that did not work, etc.), Ms. Cui has refused to pay the $1,112.50 in costs related to that testimony.

*Efficient Billing*

15.  In preparing this fee petition, I reviewed my own timesheet and Mr. Berline's timesheet, and eliminated any hours that seemed excessive, related solely or predominately to the phone issues, or not directly related to the Preservation Order and related orders.

16.  Mr. Berline and I efficiently divided and assigned the work related to enforcing the August 25 Contempt Order and conduct of the evidentiary hearing. I took primary responsibility for all matters, while Mr. Berline participated in strategy calls, performed legal research on discreet issues, reviewed direct and cross-examination outlines, and attended all hearings.

I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York on the 28th day of November, 2021.

_____/s/_____
Aaron Halegua

# Appendix A

*Aaron Halegua Time Sheet*

| Date | Hours | Activity |
|---|---|---|
| 9/13/21 | 0.55 | Cui - review all Cui post-contempt filings; review 8/25 hearing transcript; prepare deficiency letter |
| 9/13/21 | 0.25 | Cui - review all Cui post-contempt filings; review 8/25 hearing transcript; prepare deficiency letter |
| 9/14/21 | 0.65 | Cui - TC with Fely Forbes re cell phone issues |
| 9/14/21 | 0.08 | Cui - draft email to CL re illegible receipt |
| 9/14/21 | 0.30 | Cui - draft subpoena to IT&E, schedule A |
| 9/14/21 | 0.82 | Cui - draft subpoena to IT&E, schedule A; review HY Chi and Cui exhibits; email to BB/TW |
| 9/14/21 | 0.38 | Cui - draft second declaration for Fely Forbes |
| 9/14/21 | 1.38 | Cui - prepare deficiency letter, consult prior Cui declarations, Cui's post-contempt filings |
| 9/14/21 | 0.37 | Cui - prepare deficiency letter, consult prior Cui declarations, Cui's post-contempt filings |
| 9/15/21 | 0.62 | Cui - prepare deficiency letter |
| 9/15/21 | 0.33 | Cui - review Aug 25 hearing transcript re: issues/questions re Cui's ESI, and declaration requirements |
| 9/15/21 | 0.15 | Cui - finalize subpoena to IT&E |
| 9/16/21 | 0.22 | Cui - TC with Steve Carrara re IT&E subpoena |
| 9/16/21 | 0.35 | Cui - review documents produced by HY Chi; compare to subpoena |
| 9/17/21 | 0.27 | Cui - review letter from CL re deficiencies and draft response |
| 9/17/21 | 0.67 | Cui - TC re: Cui's computer |
| 9/17/21 | 0.38 | Cui - analyze documents on HY Chi USB |
| 9/18/21 | 1.33 | Cui - Draft deficiency letter to HY Chi |
| 9/19/21 | 0.37 | Cui - TC with John Lizama re phone |
| 9/19/21 | 0.18 | Cui - TC with C Lemons re: response to deficiency letter |
| 9/20/21 | 0.10 | Cui - email response to HY Chi |
| 9/20/21 | 0.10 | Cui - draft declaration for J Lizama re: ESI |
| 9/21/21 | 0.27 | Cui - draft declaration for J Lizama re: ESI |
| 9/22/21 | 0.25 | Cui - TC with BB about Lizama affidavit, contempt issues |
| 9/22/21 | 0.10 | Cui - TC with Steve Carrara re IT&E subpoena |
| 9/23/21 | 1.23 | Cui - Review HY Chi's response email; review rules on meet and confer (w/unrepresented party); response to HY Chi re phones; research re : draft affidavits by non-parties |
| 9/24/21 | 1.00 | Cui - review declaration re computer |

| Date | Hours | Activity |
|---|---|---|
| 9/24/21 | 0.95 | Cui - review declaration re computer |
| 9/24/21 | 0.50 | Cui - edit Fely Forbes declaration |
| 9/24/21 | 1.40 | Cui - draft status report on compliance with contempt order |
| 9/24/21 | 0.18 | Cui - TC with Fely re Cui phone |
| 9/26/21 | 0.83 | Cui - draft status report on compliance with contempt order |
| 9/27/21 | 0.30 | Cui - draft status report on compliance with contempt order |
| 9/27/21 | 0.12 | Cui - TC with IT&E counsel re: subpoena |
| 9/27/21 | 0.20 | Cui - draft status report on compliance with contempt order |
| 9/27/21 | 0.17 | Cui - review email from HY Chi and respond |
| 9/27/21 | 0.83 | Cui - review IT&E response to subpoena; TC with Steve Carrara and write him email |
| 9/27/21 | 0.45 | Cui - draft status report on compliance with contempt order |
| 9/28/21 | 1.55 | Cui - draft status report on compliance with contempt order |
| 9/28/21 | 1.08 | Cui - draft status report on compliance with contempt order |
| 10/5/21 | 0.20 | Cui - read status report response from Cui (ECF 436) and exhibits |
| 10/5/21 | 0.33 | Cui - TC re Cui ESI and Cui's response |
| 10/5/21 | 0.17 | Cui - hearing prep; review filings; draft outline/responses to Cui's points |
| 10/5/21 | 0.43 | Cui - hearing prep; review filings; draft outline/responses to Cui's points |
| 10/5/21 | 1.32 | Cui - contempt hearing |
| 10/5/21 | 1.40 | Cui - contempt hearing |
|  | **25.12** | *First Period Total* |
|  |  |  |
| 10/6/21 | 0.15 | Cui - prepare testimony subpoenas for hearing |
| 10/6/21 | 0.08 | Cui - prepare email response to CL |
| 10/9/21 | 0.43 | Cui - research on FRE (truthfulness), prepare cross-ex of Chi; email to BB |
| 10/10/21 | 0.67 | Cui - TC re upcoming hearing; witnesses and exhibits; passport and I-94 evidence |
| 10/11/21 | 0.18 | Cui - evidentiary hearing - respond to CL emails |
| 10/12/21 | 0.35 | Cui - evidentiary hearing - review IPI phone documents from Dotts; emails re Docomo; authentication |
| 10/12/21 | 0.30 | Cui - evidentiary hearing - docomo subpoena; email to GC |
| 10/12/21 | 1.00 | Cui - evidentiary hearing - prepare exhibits |
| 10/12/21 | 0.13 | Cui - evidentiary hearing - prepare exhibits - find Cui depo clip |
| 10/12/21 | 0.17 | Cui - evidentiary hearing - call Docomo GC |
| 10/13/21 | 0.95 | Cui - evidentiary hearing - call with John Lizama |
| 10/13/21 | 0.45 | Cui - evidentiary hearing prep - prepare exhibits |

8

| Date | Hours | Activity |
|---|---|---|
| 10/13/21 | 2.90 | Cui - evidentiary hearing prep - edit Corrado's direct; exhibits; research on depo transcripts; exchanges and calls with CL |
| 10/13/21 | 0.82 | Cui - TC with BB on witnesses, evidence, 5th Amendment inferences |
| 10/13/21 | 0.67 | Cui - evidentiary hearing prep - prepare exhibits and witness list for court; emails with CL re same |
| 10/14/21 | 0.15 | Cui - TC with BB on witness prep, 5A research |
| 10/14/21 | 0.83 | Cui - prep with Lizama |
| 10/14/21 | 0.83 | Cui - prep for evidentiary hearing |
| 10/14/21 | 2.75 | Cui - evidentiary hearing prep - review BB emails on legal issues, like 5A and precluding depo; review Lizama emails with Chi; prep direct testimony outlines; impeachment exhibits; prep cross-exs |
| 10/14/21 | 2.83 | Cui - evidentiary hearing prep |
| 10/14/21 | 4.25 | Cui - evidentiary hearing; including one hour break spent preparing |
| 10/16/21 | 0.67 | Cui - evidentiary hearing prep - cross-examination of witnesses |
| 10/17/21 | 0.42 | Cui - evidentiary hearing prep - cross-examination of witnesses |
| 10/17/21 | 0.72 | Cui - evidentiary hearing prep - TC with BB re hearing, including Lizama cross/redirect, cross-ex, Chi's refusal to be deposed, contempt sanctions and 5A |
| 10/17/21 | 1.02 | Cui - evidentiary hearing prep - review and research cases on 5A and purging contempt |
| 10/17/21 | 0.15 | Cui - evidentiary hearing prep - review docs to impeach Lizama, FRE 609 |
| 10/17/21 | 0.22 | Cui - review caselaw on adverse inferences in contempt proceeding |
| 10/17/21 | 1.48 | Cui - evidentiary hearing prep |
| 10/17/21 | 0.48 | Cui - EVIDENTIARY HEARING - Lizama cross, redirect |
| 10/18/21 | 2.98 | Cui - EVIDENTIARY HEARING - Lizama, Manni Guan |
| 10/18/21 | 0.25 | Cui - evidentiary hearing prep - TC with BB; review Guan testimony; review relevant depo transcript, Cui filings |
| 10/18/21 | 0.28 | Cui - evidentiary hearing prep - TC with Lizama about Guan, Chi testimony |
| 10/18/21 | 0.37 | Cui - evidentiary hearing prep - TC with Jon Langston re phone |
| 10/18/21 | 0.45 | Cui - evidentiary hearing prep - adverse inferences |
| 10/18/21 | 0.40 | Cui - evidentiary hearing prep - adverse inferences |
| 10/18/21 | 0.40 | Cui - evidentiary hearing prep - prep direct for Langston |
| 10/18/21 | 0.92 | Cui - evidentiary hearing prep - TC with BB, review cross-ex, review closing points, review depo testimony to introduce and rule on unavailable witnesses |
| 10/18/21 | 4.50 | Cui - EVIDENTIARY HEARING |

| Date | Hours | Activity |
|---|---|---|
| 10/18/21 | 0.98 | Cui - prepare for closing; make PPT |
| 10/19/21 | 4.12 | Cui - prepare for closing; make PPT |
| 10/19/21 | 0.92 | Cui - prepare for closing |
| 10/19/21 | 2.25 | Cui - prepare for closing; review and time closing; TC with BB; stipulation with CL on additional exhibits |
| 10/19/21 | 1.77 | Cui - EVIDENTIARY HEARING - closing arguments |
| 11/4/21 | 0.67 | Cui - prepare for hearing, review sanctions, prior orders on backups, passwords, etc. |
| 11/4/21 | 0.20 | Cui - TC with BB re upcoming Cui status conference, possible sanctions, CL withdrawal |
| 11/4/21 | 0.75 | Cui - Status Conference re contempt for phone, backups, email/password |
|  | **48.00** | ***Second Period Total*** |
|  |  |  |
| 11/5/21 | 0.65 | Cui - prepare and review time sheets for third Cui fee petition, email BB |
| 11/5/21 | 0.17 | Cui - draft Halegua declaration re third Cui fee petition |
| 11/6/21 | 1.15 | Cui - draft Halegua declaration re third Cui fee petition, time to include/exclude |
| 11/6/21 | 0.48 | Cui - draft Halegua declaration re third Cui fee petition, time to include/exclude |
| 11/13/21 | 1.17 | Cui - 3rd fee petition - review BB time and expenses; BB declaration |
| 11/13/21 | 0.15 | Cui - 3rd fee petition - revise Halegua declaration |
| 11/13/21 | 0.88 | Cui - 3rd fee petition - draft motion |
| 11/13/21 | 0.18 | Cui - 3rd fee petition - draft motion |
| 11/16/21 | 0.28 | Cui - Meet and confer Zoom with JP and BB about objections to TransPerfect bill; objections by Cui that relate to first invoice that was already addressed in fee petition; explain to JP history of money already paid by Cui and how applied |
| 11/16/21 | 1.00 | Cui - Read JP's email re objections to TransPerfect fees; review earlier emails from Clyde Lemons, protocol, and court orders; draft email response; TC with BB |
| 11/27/21 | 1.95 | Cui - 3rd fee petition - revise papers re TransPerfect invoices after Cui partial payment, draft history of those exchanges, update costs section in Berline Decl and motion |
| 11/28/21 | 0.63 | Cui - edit hours for Halegua declaration; finalize hours/fee calculation |
|  | **8.70** | ***Third Period Total*** |