F I L E D
Clerk
District Court
DEC 29 2021
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| TIANMING WANG, *et al.*, | ) | Case No. 1:18-cv-0030 |
| Plaintiffs, | ) | |
| v. | ) | **ORDER FINDING** |
| | ) | **LIJIE CUI IN CONTEMPT** |
| GOLD MANTIS CONSTRUCTION DECORATION (CNMI), LLC, *et al.*, | ) | **AND IMPOSING SANCTIONS** |
| Defendants. | ) | |

On March 31, 2021, the Court issued an Amended Order directing third-party witness Lijie Cui to identify and preserve all ESI Data that she used or created since March 26, 2020. ("Amended Preservation Order," ECF No. 310.) During that process, Ms. Cui was ordered to send her iPhone to TransPerfect in New York City pursuant to a "Collection Protocol" that required the vendor to do a forensic analysis, provide a report, and prepare a declaration to be filed with the Court—and Ms. Cui was directed to pay all related costs. (Collection Protocol, ECF Nos. 318-7 and 334; Mins., ECF No. 320). The Collection Protocol provided that TransPerfect would make a forensic copy of Ms. Cui's phone (Collection Protocol ¶ 2), produce a report explaining the data that TransPerfect was able to collect from the phone (*id.* ¶ 4), conduct a deletion analysis (*id.* ¶ 5), and then "provide a sworn affidavit to Plaintiffs and Cui that: describes the procedures it employed; affirms that a forensically-sound copy of all available data on Ms. Cui's mobile phone has been preserved, including any and all WeChat data; and describes the findings of its Deletion

Analysis" (*id* ¶ 6). The Collection Protocol further provided that Ms. Cui "is responsible for any and all costs incurred in relation to the … [Collection] Protocol." (*Id.* ¶ 8.) Jonathan Langton of TransPerfect then produced a 16-paragraph declaration on July 27, 2021 that addressed these areas and reported his finding that Ms. Cui's iPhone had been wiped clean and initialized on or around March 21, 2021. (ECF No. 380). When TransPerfect issued its first invoice, a line item for $1,065.00 was included for the preparation and composition of that declaration. (ECF No. 458-1.) Despite numerous conversations and emails between Plaintiffs and Ms. Cui's counsel, Ms. Cui refused to pay the $1,065.00 for TransPerfect's preparation of that declaration.

On November 26, 2021, Plaintiffs filed a motion for an order to show cause ("Motion") why Ms. Cui should not be held in contempt for failing to comply with the Court's order to bear the cost of preparing the declaration, as provided for in the Collection Protocol. (ECF No. 457). The Motion was supported by the Declaration of Aaron Halegua, also dated November 26, 2021, and the exhibits attached thereto. (ECF No. 458). When the Court asked about the Motion at a status conference on December 1, 2021, Ms. Cui still had not paid the TransPerfect fee and, through her counsel, stated that she would be filing an opposition instead.

On December 9, 2021, Ms. Cui filed an opposition to the Motion (Cui Opp'n, ECF No. 465) and on December 15, 2021, Plaintiffs filed a reply brief (Reply, ECF No. 469). The one portion of Cui's opposition that concerned the $1,065.00 charge stated that "Cui no longer disputes" the $1,065.00 charge for the declaration, "Cui agrees that said amount conforms to the Protocol" and that she would provide a check in that amount to Plaintiffs' counsel. (Cui Opp'n at 3). The parties acknowledged that Ms. Cui has now delivered that payment. Plaintiffs' reply argued that Ms. Cui only complied after they filed the Motion, and thus she should be found in contempt and Plaintiffs should be awarded attorneys' fees for costs incurred due to Ms. Cui's

noncompliance. The Court held a hearing on December 22, 2021 (Min., ECF No. 471), during which time it granted Plaintiffs' motion for an OSC and issued an OSC against Cui and set the matter for hearing for December 29, 2021.

On December 24, 2021, Ms. Cui filed a "Motion for Relief under Rule 60(b) and to Purge Finding of Contempt" (Rule 60 Mot., ECF No. 472), even though the Court had only issued the OSC (not a finding of contempt) at that stage.[2] Since the Rule 60 Motion seems intended to be an opposition to the OSC, the Court will construe it as such. The Rule 60 Motion simply rehashes the argument that Ms. Cui made in her opposition to Plaintiffs' motion for an OSC and at the December 22 hearing—namely, that she had "reasonably questioned said billing description as she believed that the work description was outside the scope of the Collection Protocol" but she has now reconsidered and paid the $1,065.00 charge. (*Id.* at 4.) Critically, Ms. Cui acknowledges that she only paid the charge "subsequent to the filing [requesting] the order to show cause." (*Id.* at 2.) On December 27, 2021, Plaintiffs submitted a response to the Rule 60 Motion, arguing that there is no good faith defense to civil contempt and, even if there was, Ms. Cui has failed to state one.

At the OSC hearing held on December 29, 2021, Cui admitted to her failure to timely pay the amount due to TransPerfect and did not object to the entry of an order finding her in civil contempt and a sanction of attorneys fees. Given these facts, the Court agrees with Plaintiffs that Ms. Cui's arguments fail. Ms. Cui provides <u>zero</u> explanation as to why her questioning of the billing description was reasonable. Ms. Cui *never* articulated a reasonable basis for her objection in either her opposition to Plaintiffs' motion for an OSC, oral arguments at the December 22 hearing, or the filing of the Rule 60 motion. Ms. Cui's conclusory statement that her objection

---

[2] At the December 22, 2021 hearing, the Court <u>did</u> find Ms. Cui in contempt for violating orders to explain the iTunes backup detected as reported by Mr. Langton and Ms. Fely Forbes' observation of a "qq.com" account being used as an Apple ID on Ms. Cui's iPhone.

was "reasonable" does not make it so. Moreover, in a civil contempt proceeding—as acknowledged in Ms. Cui's own Rule 60 Motion—subjective intent is immaterial, and good faith is therefore not a defense. *See* Rule 60 Mot. at 3; *Stone v. City & Cnty. of San Francisco,* 968 F.2d 850, 856 (9th Cir. 1992). The Ninth Circuit has recognized a "narrow" good-faith exception to the general rule that intent is irrelevant in civil contempt proceedings, but that narrow exception only applies where the contemnors' action appears to be based on both a good faith and "reasonable" interpretation of the court's order. *See Institute of Ocean Research v. Seasee Shepherd Conservation Society,* 774 F.3d 935, 954 (9th Cir. 2014). Thus, even if Ms. Cui were acting in good faith, Cui cannot demonstrate a reasonable objection that would absolve her from a finding of contempt.

Accordingly, the Court finds Ms. Cui in contempt of Court because she violated a clear Court order to pay the $1,065.00 charge as provided by the Collection Protocol. While she eventually complied, she only did so after Plaintiffs filed a motion with the Court. In terms of a sanction, since Ms. Cui has now complied with the Court's order by paying the $1,065.00 such that she has purged her contempt, a further coercive sanction is not necessary. However, in such situations, it is still appropriate to award attorneys' fees to compensate the party that was required to enforce the contemnor's compliance with the Court's order. *See Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1195 (9th Cir. 2003); *In re Sula, Inc.*, No. 215-BK-23350, 2016 WL 3960513, at *2-6 (Bankr. C.D. Cal. July 15, 2016) (award of attorneys' fees is an appropriate compensatory civil contempt sanction).

/ / /

/ /

/

At the OSC hearing, Ms. Cui's counsel acknowledged receiving Plaintiffs' proposed attorney's fees prior to appearing in court and indicated Ms. Cui did not object to said amount. **Therefore, the Court hereby orders that Ms. Cui shall pay the reasonable attorneys' fees in the amount of $4,236 to Plaintiffs within 24 hours from this order** for all efforts to get her to comply with the Court's order, including negotiations and correspondence with Ms. Cui's counsel, preparation of the Motion, efforts to resolve the Motion, preparation of the reply, attendance at the December 22 hearing, preparation of the response to the Rule 60 Motion, attendance at the December 29 hearing, and preparation of the fee petition.

IT IS SO ORDERED on this 29th day of December, 2021.

RAMONA V. MANGLONA
Chief Judge