Bruce Berline
LAW OFFICE OF BRUCE BERLINE, LLC
Second Floor, Macaranas Building
PO Box 5682 CHRB
Saipan, MP 96950
Tel: (670) 233-3663
Fax: (670) 233-5262
Email: bruce@saipanlaw.com

Aaron Halegua
AARON HALEGUA, PLLC
524 Broadway, 11th Floor
New York, New York 10012
Tel: (646) 854-9061
Email: ah@aaronhalegua.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| TIANMING WANG, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No. 18-cv-0030 |
| ) | |
| v. ) | **STIPULATION** |
| ) | |
| GOLD MANTIS CONSTRUCTION ) | |
| DECORATION (CNMI), LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

Plaintiffs and third-party witness Lijie Cui ("Ms. Cui"), through their counsel, hereby agree:

1. When Mr. Langton was directed to conduct a forensic examination on the iPhone he was tendered ("Cui's Phone"), he identified forensic evidence consistent with a phone being initialized on or around March 21, 2021. In the 3-4 hours of time that he was to spend analyzing the phone, pursuant to his statement of work, he did not consider each and every other possibility that may have explained the presence of some of that evidence.

2. Mr. Langton has now considered the declaration and evidence submitted by Ms. Bush. In light of those additional data points, Mr. Langton believes that while there is still a possibility that an initialization occurred, the evidence described by Ms. Bush decreases the likelihood that an initialization as described by Mr. Langton occurred.

3. The parties agree that the probability that an iOS update caused the plist file to contain the March 21, 2021 date is more likely than it being caused by an initialization as described by Mr. Langton.

4. The parties agree that no physical evidence has been found on Cui's Phone that indicates that she used an Apple ID that was a "qq.com" email address.

5. Mr. Langton suggested it was likely that a factory reset was done on Ms. Cui's phone on or prior to March 21, 2021. He agrees that, in light of all the digital evidence, he cannot conclude that it is probable that Cui's Phone was factory reset on or prior to that date.

6. Mr. Langton suggested it was likely that the phone was restored from a backup on March 21, 2021. He agrees that, in light of all the digital evidence, he cannot conclude that it is probable that Cui's Phone was restored from a backup on March 21, 2021.

7. Ms. Bush identified two computers that were likely used to create iTunes backups or otherwise collect data from Cui's Phone. There is no evidence or indication on Cui's Phone of the exact date(s) that such backups were created, or the location of the computers. However, Mr. Langton acknowledges that the computer "SEVENTYTHREE" belongs to TransPerfect and was used to collect data.

8. The parties agree that the name of a computer can be changed.

DATED: March 8, 2022

SIGNATURES:

\_\_\_\_\_/s/_____
Aaron Halegua
Attorney for Plaintiffs

\_\_\_\_\_/s/_____
Bruce Berline
Attorney for Plaintiffs

\_\_\_\_\_/s/_____
Joey P. San Nicolas
Attorney for Lijie Cui