FILED
Clerk
District Court
MAY 27 2022
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

TIANMING WANG, *et al.*,

    Plaintiffs,

    v.

GOLD MANTIS CONSTRUCTION DECORATION (CNMI), LLC, *et al.*,

    Defendants.

Case No. 1-18-cv-0030

**ORDER DECLARING IPI IN DEFAULT OF THE STAY AGREEMENT**

Plaintiffs and Defendant Imperial Pacific International (CNMI), LLC ("IPI") filed an Agreement to Stay Enforcement (ECF No. 501 (the "Stay Agreement")), with an effective date of February 3, 2022, that set forth obligations that IPI agreed to fulfill in exchange for Plaintiffs' agreement to stay enforcement of their judgment against IPI.[1] On February 22, 2022, the Court issued an order approving the Stay Agreement in its entirety, ordering the parties to comply with its terms and conditions, and retaining jurisdiction over enforcement of the Stay Agreement. (ECF No. 505). Thereafter, the Court rendered its decision awarding attorneys' fees to Plaintiffs (ECF No. 522), and then issued an amended judgment in the amount of $5,430,595.58 plus $687,793.70 in attorneys' fees, plus post-judgment interest (ECF No. 523).

The Stay Agreement provides, *inter alia*, that IPI shall post a supersedeas bond in the total amount of $6,000,000.00 by paying six installment payments pursuant to a schedule with a set deadline for each payment (Stay Agreement ¶ 2) as well as file an ECF Notice on each of those payment deadlines providing "documentary evidence that IPI's obligation has been fulfilled." (*Id.* ¶ 5). The Stay Agreement clearly provides that a breach of the terms in Section 1, which includes the timely payment by IPI, shall constitute a "Default." (*Id.* ¶ 31). In such case, Plaintiffs are to send a notice of Default to IPI, upon which IPI has 10 calendar days to cure the Default. (*Id.* ¶

---

[1] The defined terms in this Order have the same meaning as in the Stay Agreement.

32). The Stay Agreement is explicit that "[a]fter the expiration of the cure period, IPI shall have no right or ability to cure or otherwise invalidate the Default." (*Id.*)

IPI did not timely increase the bond on May 1, 2022. Plaintiffs sent a Default Notice to IPI the next day. (ECF Nos. 530-1 (EST); 530-2 (ChST)). IPI then failed to make payment within the 10-day cure period. IPI also never contacted Plaintiffs during that period. As provided in the Stay Agreement, Plaintiffs filed a Motion requesting this Court to declare that IPI is in Default and order the remedies provided in the Stay Agreement. (Mot., ECF No. 528; Mem. in Law, ECF No. 529). IPI filed an opposition (ECF No. 532), and Plaintiffs filed a reply (ECF No. 538). Plaintiffs argue this is a simple matter of a Court enforcing the plain language of a settlement agreement that has been ordered by this Court. As explained below, the Court agrees.

"It is well recognized that settlement agreements are judicially favored as a matter of sound public policy." *See Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988) (quotations omitted). In the CNMI, a "court will enforce the clear terms of a stipulation unless it has not been entered into voluntarily, its terms violate public policy, or other extenuating circumstances exist." *Bank of Hawaii v. Tamanrang*, 2020 MP 9 ¶ 12 (N. Mar. I. 2020) (quotations omitted) (recognizing "the policy interest favoring settlement and the enforcement of contracts").

Under CNMI law, settlement agreements are to be interpreted like contracts, and the "primary concern … is to determine and give effect to the intentions of the parties as expressed in the instrument, and the intent of contracting parties is generally presumed to be encompassed by the plain language of contract terms." *Commonwealth Ports Auth. v. Leo A. Daly Co.*, No. 1:12-CV-00005, 2013 WL 12244909, at *2 (D. N. Mar. I. May 2, 2013) (quotations omitted). "The language in a contract is to be given its plain grammatical meaning unless doing so would defeat the parties' intent. In interpreting a contract, a court should look within the four corners of the document only." *Pac. Rim Land Dev., LLC v. Imperial Pac. Int'l (CNMI), LLC*, No. 19-CV-00016, 2020 WL 1942454, at *2 (D. N. Mar. I. Apr. 23, 2020), *aff'd*, No. 20-16047, 2021 WL 4872460 (9th Cir. Oct. 19, 2021) (quotations omitted). "Only if the terms of the contract are

ambiguous should a court look to extrinsic evidence to determine the parties' intent." *Id.* (*citing Riley v. Pub. Sch. Sys.*, 4 N.M.I. 85, 1994 WL 111129, at *2–3 (1994)).

The plain language of the Settlement Agreement is not ambiguous. The Court finds that IPI has failed to comply with its obligation to make payment by May 1, 2022 or file the ECF Notice, and that it failed to cure the Default within the prescribed cure period. Accordingly, the Court finds IPI to be in Default of the Stay Agreement.[2] Since the plain language is clear, the Court disagrees with IPI's argument that it must apply the "material breach" factors from the Restatement. Since the value of the supersedeas bond was below $4 million at the time of the Default, Plaintiffs are therefore entitled to their requested remedies sought in their motion (ECF No. 529 at 7) and which are also set forth in paragraph 34(b) of the Stay Agreement.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. The Court hereby declares that IPI is in Default of the Stay Agreement and has failed to cure that Default.

2. The Court directs American Contractors Indemnity Company ("ACIC") to release to Plaintiffs the $3 million secured by the Supersedeas Bond. Plaintiffs shall email wiring instructions to ACIC within 24 hours of this Order being filed on ECF, and ACIC shall initiate a wire of the money to Plaintiffs no later than May 31, 2022 at 12:00 p.m. (EST).

3. Plaintiffs are directed to file with the Ninth Circuit an executed version of the stipulation dismissing IPI's appeal (ECF No. 501-7). Plaintiffs may affix the date of this Order onto the version of the stipulation that has already been executed by Kevin Abikoff and is in their possession.

4. Plaintiffs shall submit a fee petition by June 10, 2022 for any work required (i) to enforce their initial judgment prior to execution of the Stay Agreement that has not yet been compensated (*id.* ¶30), (ii) to enforce the Stay Agreement (*id.* ¶43), (iii) to litigate the appeal at the Ninth Circuit, and (iv) any other reasonable fees and costs. IPI shall file its opposition, if any, within seven (7) days, and Plaintiffs shall file any reply within seven (7) days.

---

[2] Plaintiffs' Motion also alleges that IPI is in Default of the Stay Agreement because IPI has not obtained the release of the U.S. Department of Labor's lien on Flame Tree and provided proof thereof. Since the Court has already found IPI to be in Default on other grounds, the Court need not address this issue.

5.  The Court declares that the stay of execution ordered pursuant to Rule 62 is hereby lifted, and Plaintiffs shall face no limitations on their ordinary rights as a judgment creditor.

However, as to Plaintiffs' request that the stay on the Limited Receivership for IPI's casino gaming equipment be lifted, the Court finds that further briefing is necessary on that issue, especially in light of 4 CMC § 51564. Defendant IPI shall file its brief in opposition to the lifting of the stay on the Limited Receivership no later than June 2, 2022 (ChST), Plaintiffs' response is due no later than June 7, 2022 at 3:00 a.m. (ChST), and Defendant IPI shall file a reply by June 8, 2022 no later than 12 noon (ChST).  A hearing on Plaintiffs' request to lift the stay on the Limited Receivership is set for **Thursday, June 9, 2022 at 8:30 a.m**. **The receivership shall be stayed until June 15, 2022.**

**IT IS SO ORDERED** on this 27th day of May, 2022.

_____
RAMONA V. MANGLONA
Chief Judge