Bruce Berline
LAW OFFICE OF BRUCE BERLINE, LLC
Second Floor, Macaranas Building
PO Box 5682 CHRB
Saipan, MP 96950
Tel: (670) 233-3663
Fax: (670) 233-5262
Email: bruce@saipanlaw.com

Aaron Halegua
AARON HALEGUA, PLLC
524 Broadway, 11th Floor
New York, New York 10012
Tel: (646) 854-9061
Email: ah@aaronhalegua.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| TIANMING WANG, *et al.*, | Case No. 18-cv-0030 |
| Plaintiffs, | |
| v. | **STIPULATION ON PLAINTIFFS' ATTORNEYS' FEES FOR LITIGATION OVER THE LIMITED RECEIVERSHIP** |
| GOLD MANTIS CONSTRUCTION DECORATION (CNMI), LLC, *et al.*, | |
| Defendants. | Hearing Date: n/a<br>Hearing Time: n/a<br>Judge: Hon. Ramona V. Manglona |

Plaintiffs and defendant Imperial Pacific International (CNMI), LLC ("IPI") (together, the "Parties") jointly stipulate to the following:

1. The Parties entered into a Stay Agreement (ECF No. 501) providing that in the event that IPI defaulted, Plaintiffs could request that the stay on the Limited Receivership be lifted and IPI would not oppose the request (Stay Agreement ¶34(b)(iv)), which the Court then approved (ECF No. 505). On May 27, 2022, the Court issued an order finding IPI in default of the Stay

Agreement. (ECF No. 541). However, IPI objected to lifting the stay on the Limited Receivership based on 4 CMC § 51564, which prompted the Court to require briefing by the Parties and to inquire whether the CCC had a position on the matter. (*See* ECF Nos. 539, 548, 545, 553, 564). The Parties also briefed whether 7 CMC § 4210(b) had any impact on the Limited Receivership. (*See* ECF Nos. 562, 565, 571). On August 16, 2022, the Court held oral argument on these issues and ordered that the stay be lifted and that Plaintiffs be awarded attorneys' fees. (ECF No. 582).

2. On August 18, 2022, the Court issued an order memorializing its decision. (ECF No. 585). As part of that order, the Court directed that "IPI shall pay Plaintiffs' attorneys' fees for the time spent litigating IPI's objection to the Limited Receivership proceeding even after it was found in default" and set a briefing schedule for the fee petition. (*Id.* at 10).

3. In order to avoid the costs of litigation on this issue, the Parties have agreed that IPI shall be liable to Plaintiffs for attorneys' fees and costs in the amount of $27,733.10 for the hours reasonably spent by Plaintiffs to litigate IPI's objection to the Limited Receivership proceeding forward. The breakdown of those fees is as follows:

| Timekeeper | Rate | Hours | Total |
|---|---|---|---|
| Halegua, Aaron | $400 | 53.48 | $21,392.00 |
| Berline, Bruce | $300 | 5.93 | $1,779.00 |
| Jin, Qinzhe | $130 | 28.21 | $3,667.30 |
| Yan, Yueru | $120 | 7.79 | $934.80 |

4. The Parties therefore jointly request that the Court order that IPI pay Plaintiffs attorneys' fees in the amount of $27,733.10.

5. The Parties have not yet reached agreement as to when this sum should be paid or, if not paid, what post-judgment interest is applicable. However, the Parties have agreed to postpone a decision on these issues. Instead, after the Court issues its decision on Plaintiffs' pending fee

petition for work on IPI's appeal and enforcing Plaintiffs' judgment (ECF No. 563), the Parties agree to meet and confer as to when and how all such attorneys' fees should be paid, and then either submit a stipulation to the Court or request that the Court decide the issue.

6. No hearing has been set on the issue of attorneys' fees and therefore no other dates are impacted by this stipulation.

Respectfully submitted this 30th day of August, 2022.

| Plaintiffs: | IPI: |
|---|---|
| /s/_____<br>Aaron Halegua<br>Bruce Berline<br><br>*Attorneys for Plaintiffs* | /s/_____<br>Kevin T. Abikoff, Esq. (*pro hac vice*)<br>Samuel W. Salyer, Esq. (*pro hac vice*)<br>HUGHES HUBBARD & REED LLP<br>1775 I St. N.W.<br>Washington, D.C. 20006<br><br>*Attorneys for Defendant Imperial Pacific International (CNMI), LLC* |