F I L E D
 Clerk
 District Court
AUG 30 2022
for the Northern Mariana Islands
By_____
      (Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| TIANMING WANG, *et al.*, | Case No. 1:18-cv-0030 |
| Plaintiffs, | **ORDER GRANTING STIPULATION ON PLAINTIFFS' ATTORNEYS' FEES FOR LITIGATION OVER THE LIMITED RECEIVERSHIP** |
| v. | |
| GOLD MANTIS CONSTRUCTION DECORATION (CNMI), LLC, *et al.*, | |
| Defendants. | |

After the Court entered a judgment in favor of Plaintiffs against Defendant Imperial Pacific International (CNMI), LLC ("IPI") (together, the "Parties"), the Parties entered into a Stay Agreement by which Plaintiffs agreed to stay enforcement of that judgment so long as IPI complied with certain obligations. (ECF No. 501). The Stay Agreement provided, *inter alia*, that in the event that IPI defaulted, Plaintiffs could request that the stay on the Limited Receivership be lifted and IPI would not oppose the request. (*Id.* ¶34(b)(iv)). The Court then approved the Stay Agreement. (ECF No. 505).

On May 27, 2022, the Court issued an order finding IPI in default of the Stay Agreement. (ECF No. 541). However, IPI objected to lifting the stay on the Limited Receivership based on 4 CMC § 51564, which prompted the Court to require briefing by the Parties and to inquire whether the CCC had a position on the matter. (*See* ECF Nos. 539, 548, 545, 553, 564). The Parties also briefed whether 7 CMC § 4210(b) had any impact on the Limited Receivership. (*See* ECF Nos. 562, 565, 571). On August 16, 2022, the Court held oral argument on these issues and ordered that the stay be lifted and that Plaintiffs be awarded attorneys' fees. (ECF No. 582). On August 18, 2022, the Court issued an order memorializing its decision. (ECF No. 585). As part of that order, the Court directed that "IPI shall pay Plaintiffs' attorneys' fees for the time spent litigating IPI's objection to the Limited

Receivership proceeding even after it was found in default" and set a briefing schedule for the fee petition. (*Id.* at 10).

On August 30, 2022, the Parties filed a joint stipulation stating that IPI shall be liable to Plaintiffs for attorneys' fees and costs in the amount of $27,733.10 for the hours reasonably spent by Plaintiffs to litigate IPI's objection to the Limited Receivership proceeding forward. The stipulation provided the following breakdown of those fees:

| Timekeeper | Rate | Hours | Total |
|---|---|---|---|
| Halegua, Aaron | $400 | 53.48 | $21,392.00 |
| Berline, Bruce | $300 | 5.93 | $1,779.00 |
| Jin, Qinzhe | $130 | 28.21 | $3,667.30 |
| Yan, Yueru | $120 | 7.79 | $934.80 |

The stipulation further provided that the Parties have not agreed when this amount should be paid or, if it is not, what is the appropriate rate of post-judgment interest. Instead, the Parties have agreed to wait until the Court decides Plaintiffs' other pending fee petition (ECF No. 563), and then meet and confer as to how the two fee awards should be handled. The Parties will then either submit a stipulation on this issue or request that the Court decide the issue.

GOOD CAUSE BEING SHOWN, the Court hereby orders that IPI shall pay Plaintiffs their reasonable attorneys' fees in the amount of $27,733.10. After the Court decides the other pending fee petition (ECF No. 563), unless otherwise directed by the Court, within seven (7) calendar days, the Parties shall either submit a stipulation as to how the two fee awards should be paid or request the Court decide the issue.

**IT IS SO ORDERED** this 30th day of August, 2022.

RAMONA V. MANGLONA
Chief Judge

2